STATE, RESPONDENT v. MAHONEY, APPELLANT.

[No. 1513]

[Submitted June 18, 1900.  Decided July 2, 1900.]

*Rape—Indictment—Duplicity—Failure to Demur— Waiver—
Failure to Object Below—Effect on Appeal—Female Under
16—Allegation of Violence—Surplusage—Proof not Neces-
sary — Instructions Advising Acquittal — Evidence of
Female's Age—Proper Refusal—Letter Urging Prosecu-
trix's Silence—Defendant's Handwriting—Foundation for
Admission—Relevancy—Instructions—Comments on Weight
of Evidence—Substance Already Given—Proper Refusal.*

1. Penal Code Section 450, defines "rape" as "an act of sexual intercourse accomplished with a female not the wife of the perpetrator, * * * * (1) where the female is under the age of 16 years * * * *; (3) where she resists, but her resistance is overcome by violence or force * * * * ." Section 1922 makes charging more than one offense in an indictment a ground of demurrer; and sections 1930, 2200, and 2320 provide that a failure to demur shall waive demurrable defects appearing on the face of the indictment. Defendant was charged with carnally knowing a female of the age of 15 years, violently and against her will. Held, that the objection that the inidctment charged two offenses was waived by a failure to demur.

2. Where defendant's objection that an indictment is bad, as charging more than one offense, under Penal Code, Section 1922, subd. 3, making such duplicity ground for demurrer, is not taken in the trial court, it will not be considered for the first time on an appeal.

3. Where an indictment in a rape case charges defendant with carnal knowledge of a female under 16, violently, and against her will, and there is ample evidence that the female was under 16, it is not incumbent on the state, to also prove that she resisted defendant's assault, and that he violently overcame her resistance, even though it has been so alleged.

4. Penal Code, Sec. 2096 authorizes the trial court, when it deems the evidence insufficient to warrant a conviction, to advise the jury to acquit, the jury not being bound to do so. Defendant was charged with having had carnal knowledge of a female under 16 violently, and against her will, and there was ample evidence that she was under 16, though the evidence of her resistance was weak. Held, that the instruction authorized by the Code was properly refused the crime being complete, without the element of violently overcoming the female's resistance.

5. Where defendant in jail on a charge of rape, sends a note to the prosecutrix, also detained as a witness, in which he urges her to deny everything, not to sign or say anything, and remember her promise, and she testifies on the trial that the promise referred to was that she would tell nothing concerning the sexual intercourse between them, the note is relevant, and properly admitted in evidence against defendant.

6. Where a prosecutrix in a rape case receives a note urging her to deny everything, not to sign or say anything, and to remember her promise, and promising that "we" will be happy yet, and she testifies that she has seen the defendant's handwriting, and thinks the note is in his handwriting, though unable to swear positively that it is so, such testimony is a sufficient foundation for the reception of the note in evidence against the defendant.

7. Where instructions requested by defendant contain comments on the weight of the testimony, and directions and advice as to inferences of fact to be drawn from the evidence, such instructions are properly refused.

8. Where instructions requested by defendant have already been given in substance, it is not error to refuse his request.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

EDWARD MAHONEY was convicted of rape and he appeals. Affirmed.

*Mr. M. J. Cavanaugh,* for Appellant.

There were really two crimes charged in the information. Section 450 Criminal Code of the State defines Rape—to be— "an act of sexual intercourse under either of the following circumstances: Where the female is under the age of sixteen years. Where she resists, but her resistance is overcome by force or violence." When the prosecutrix undertook to prove a rape under the 3d and subsequent subdivisions of the Statute, her age became immaterial, and the allegation of the age of non-consent was surplusage. If the prosecution wished to rely upon the age of non-consent, they should have charged such crime under another count. (*Greer* v. *State,* 19 Am. Rep. 709 and cases cited.) The evidence was all directed to the proof of a crime under the 3d and subsequent subdivisions of Section 450. The female testified she was forced on the 10th day of January, 1897. She made no complaint until July, 1898. This delay was unaccounted for. Delay when unaccounted for throws suspicion upon plaintiff's case. (*Higgins* v. *People,* 58 N. Y. 377; *Topslank* v. *State,* 40 Tex. 106; *Millitt* v. *People,* 42 Mich. 262; *People* v. *O'Sullivan,* 58 Am. Rep. 536; *State* v. *Patrick,* 107 Mo. 147.) The testimony of the prosecutrix was uncorroborated as to the crime charged and sought to be proved. (*State* v. *Patrick,* 107 Mo. 147.) If the prosecutrix remains friendly with the accused, the facts raise a strong presumption of innocence on the part of the accused. (*Barney* v. *People,* 22 Ill. 160.) The same

presumption arises where there is no injury to the clothing or person of the prosecutrix, and she conceal the wrong for several days. (*State* v. *Cross*, 79 Am. Dec. 519.) Where the defendant denies the rape, the prosecutrix should be corroborated. (*Mathews* v. *State*, 19 Neb. 330; *Gazley* v. *State*, 17 Tex. App. 267; *Hall* v. *People*, 47 Mich. 636.) In this case, as late as December, 1897, the prosecutrix denied ever having had intercourse with defendant.

It was error in the trial court to admit the note alleged to have been written while in jail to prosecutrix, in evidence. It was immaterial for any purpose. It was written more than 18 months after the time referred to in the information, and more than one year after the prosecutrix became of the age of consent, and in no way referred to any time or act before she was sixteen, and could in no way tend to prove the substantiative fact in the case, to-wit: the rape alleged to be committed on the 10th of January, 1897. It was in no way corroborative of any testimony material to such issue. (*Commonwealth* v. *Holmes*, 34 Am. Rep. 223.) It was error for the court to refuse the instruction set out in Specification No. 3, Errors of Law in this brief. This instruction was a correct statement of law applicable to the facts in this case. (See *Higgins* v. *People*, 58 N. Y. 377.) The court erred in refusing to give the instruction set out in Specification No. 4 of this brief. In the case of (*People* v: *Benson*, cited in 65 Am. Dec. 506,) Judge Murray says ''From the days of Lord Hale down to the present time no case has ever gone to the jury upon the sole testimony of the prosecutrix unsubstantiated by facts and circumstances corroborating it, without the court warning them of the danger of a conviction on such testimony.'' (*People* v. *Benson*, 6 Cal. 221; *Nevan* v. *People*, 12 Am. Rep. 283; *People* v. *Argada*, 51 Cal. 371.) If a person can be convicted on the testimony in this case, no one can protect himself from conviction, where a designing female through malice, jealousy, or other motive, cares to make the charge, and attempts to prove it upon the witness stand by an unsupported, contradictory and improb-

able story, such as the record shows the story of the prosecutrix to be in this cause. (*State* v. *Mc William*, 20 Mont. 52υ; *O'Boyle* v. *State*, 75 N. W. Rep. 989; *Tway* v. *State*, 50 Pac. 188; *Kinnon* v. *State*, 42 S. W. Rep. 376; *Ship* v. *State*, 45 S. N. Rep. 909; *People* v. *Benson*, 65 Am. Dec. 506; *Bohlman* v. *State*, 74 N. W. Rep. 343; *People* v. *Tarbox*, 46 Pac. 896; *Curley* v. *Territory*, 42 Pac. 953; *Price* v. *State*, 53 S. W. 988; *State* v. *Mitchell*, 38 Pac. 810; *Thompson* v. *State*, 26 S. W. 987; *State* v. *Connolly*, 59 N. W. 479; *Richards* v. *State*, 53 N. W. 1027; *State* v. *Cassidy*, 52 N. W. 1; *Reah* v. *State*, 17 S. W. 951; *State* v. *Patrick*, 17 S. W. 666; *Monroe* v. *State*, 13 So. Rep. 884.

*Mr. C. B. Nolan,* Attorney General, for the State.

**MR. JUSTICE PIGOTT** delivered the opinion of the court.

Edward Mahoney, convicted of the crime of rape, appeals from the judgment of conviction, and an order denying his motion for a new trial.

1. The information charges that the defendant, on or about the 10th day of January, 1897, and before the filing of the information "did willfully and unlawfully and feloniously and violently, in and upon one Nellie Corbitt, a female then and there under the age of sixteen years, to wit, of the age of fifteen years, the said Nellie Corbitt not being the wife of the said defendant, Edward Mahoney, make an assault, and her, the said Nellie Corbitt, then and there, violently and against her will, feloniously did ravish and carnally know." As defined by section 450 of the Penal Code, "rape is an act of sexual intercourse accomplished with a female not the wife of the perpetrator, under either of the following circumstances: (1) Where the female is under the age of sixteen years * * * (3) Where she resists, but her resistance is overcome by violence or force. * * *" The first point argued by the defendant is that the information charges two offenses and is therefore violative of that part of section 1836, of the

Penal Code, which declares that the information must charge but one offense. The only method by which the supposed fault now urged can be taken advantage of is by a demurrer interposed under subdivision 3 of section 1922, of the Penal Code. The failure so to demur is a waiver of the objection. (Sections 1930, 2200, 2320, of the Penal Code.) Again, if the offense be single, the question of whether it should have been set forth in different forms under separate counts was not raised in the trial court, and is therefore not considered here. Any objection to the inclusion in one count of the statement of different forms of the same offense must be made in the district court, and before plea.

2. The defendant next insists that the evidence was wholly insufficient to support the verdict. After a careful reading of the transcript, we are satisfied that the evidence was sufficient to justify the verdict. One of the suggestions made by counsel for the defendant is that, since the information charges the defendant with ravishing the prosecutrix violently and against her will, it was incumbent upon the state to prove that her resistance was overcome by force or violence even if she was under the age of consent when the defendant copulated with her. Such is not the law. A woman under the age of 16 years is not in Montana capable of giving consent to sexual intercourse. Her submission or want of resistance is not, and cannot be consent. She is incapable of forming a criminal intent to commit the act, and hence, in legal contemplation, is not an accomplice to her own violation. If the prosecutrix was under the age of 16 years when the defendant carnally knew her, the defendant is guilty. Whether she submitted with or without resistance, or even solicited his embraces, is immaterial, except, perhaps, as bearing upon the extent of the punishment to be imposed, and the allegation that the act was done violently and against her will, not being descriptive may be rejected as surplusage. But, if she was sixteen years of age or over, the allegation that the act of sexual commerce was perpetrated by violence and against her will,

(or some like averment) is essential, and must be proved. In the case at bar the evidence tending to show resistance by the prosecutrix was weak. There was, however, ample evidence showing that she was under the age of 16 at the time the defendant accomplished the act of sexual intercourse with her.

The defendant requested the court to give the following instruction: "You are further instructed that in the opinion of the court the evidence in this case is insufficient to warrant a verdict of guilty, and you are are therefore advised to render a verdict of not guilty, but this instruction is not binding upon you, and you may notwithstanding this instruction find the defendant guilty as charged." Error is assigned upon the action of the court in refusing the request. Section 2096 of the Penal Code provides that "if at any time after the evidence on either side is closed, the court deems it insufficient to warrant a conviction, it may advise the jury to acquit the defendant. But the jury is not bound by the advice." This section is applicable to those cases only in which the trial court deems the evidence, although tending to prove every element necessary to constitute the crime charged, insufficient in weight to warrant a conviction. The interpretation of this section in *State* v. *Welch*, 22 Mont. 92, 55 Pac. 927 and in *State* v. *Fisher*, 23 Mont., at page 555, 59 Pac., at page 923 is approved. There was, therefore, no error committed in refusing to instruct the jury as prayed.

3. While the defendant was confined in the jail upon the charge of rape, and while the prosecutrix, Corbitt, was also held in the same jail as a witness, the defendant secretly conveyed to the prosecutrix a letter in which he advised her to "deny everything," and saying: "if you are taken down on Jack Rand's case, you say nothing. * * * We will be happy together yet. The world is against us. I have got no home, and you have got none, but we will have one, and if you stay true to your promise we need not fear. Be careful not to sign anything, or say anything. Give your note to Edith. She will send it. Write on the back of this. Remember

your promise." The promise made to the defendant, if the prosecutrix is to be believed, was that she would tell nothing concerning the sexual intercourse which had taken place between them. She also testified that she had seen other writings of the defendant, and that, while not willing to swear that the note was written by him, she thought it was in his handwriting. To the reception of the note or letter in evidence, the defendant objected on the ground that it was irrelevant and immaterial, and did not relate to any of the issues of the case; and further, because there was no evidence to show that it was in the defendant's handwriting, or that he ever sent it to the witness. The grounds urged were manifestly untenable, and the note was properly admitted.

4. Many specifications of error are based upon the refusal of the court to give instructions prayed by the defendant. Most of the prayers contain comments upon the weight of the evidence, and directions or advice from the court in respect of the inferences of fact to be drawn by the jury from the evidence; hence such requests were properly refused. The requests for instructions which were free from these vices were, in substance, given in the charge of the court.

Finding in the Record no error prejudicial to the defendant of which he complains, the judgment and the order denying a new trial are affirmed.

*Affirmed.*

