STATE, Respondent, v. STEVENS, Appellant.

No. 8618

Submitted June 13, 1946. Decided September 6, 1946.

172 Pac. (2d) 299

Messrs. Swanberg & Swanberg and Mr. E. J. Stromnes, all of Great Falls, for appellant.

Mr. R. V. Bottomly, Atty. Gen., Mr. Alfred F. Dougherty, Asst. Atty. Gen., Mr. J. E. McKenna, of Lewistown, Mr. H. O. Vralsted, of Helena, and Mr. Paul J. Murphy, of Stanford, for respondent.

MR. CHIEF JUSTICE LINDQUIST delivered the opinion of the Court.

Appeal from judgment on conviction of crime of rape.

The information charges:

"Theodore Stevens, is accused by the County Attorney of Judith Basin County, Montana, by this information, of the crime of rape committed as follows, to-wit:

"That at the County of Judith Basin, in the State of Montana, on or about the 15th day of December, A. D. 1944, and before the filing of this information the said Theodore Stevens, did then and there wilfully, unlawfully and feloniously make an assault upon (the prosecuting witness), a female child under the age of eighteen years, to-wit, of the age of seventeen years, who was not then and there the wife of the said Theodore Stevens, and did then and there ravish and carnally know and accomplish with her an act of sexual intercourse."

Defendant was the step-father of the prosecuting witness.

Before resting its case, the state elected the date on or about

the first day of November, 1944, as the date on which the alleged crime was committed.

The jury found defendant guilty and left the fixing of the penalty to the court and the court sentenced the defendant to the state penitentiary for a term of twelve and a half years.

The state has filed a motion to strike the defendant's bill of exceptions on certain alleged grounds. We have considered the motion, find it without merit and it is therefore denied.

Defendant claims 32 specifications of error.

Specification of error No. 1, the defendant contends that the court abused its discretion in denying the defendant's motion of June 4, 1945, for a continuation of trial. We find no error on the part of the trial court in denying the motion.

As to defendant's specification of error No. 2, the court did not err in overruling the demurrer to the information. It clearly appears from the reading of the information that the defendant was charged with only one crime—the crime of statutory rape. ''If the prosecutrix was under the age of 16 years [now 18 years] when the defendant carnally knew her, the defendant is guilty. Whether she submitted with or without resistance, or even solicited his embraces, is immaterial, except, perhaps, as bearing upon the extent of the punishment to be imposed, and the allegation that the act was done violently and against her will, not being descriptive, may be rejected as surplusage.'' State v. Mahoney, 1900, 24 Mont. 281, 285, 61 Pac. 647, 648.

Considering defendant's specification of error No. 3, the court did not err in requiring the defendant to plead to the information in the absence of counsel. The court had extended additional time in the matter of the demurrer and plea, and the demurrer of the defendant having been overruled, the time for entering plea having arrived and the defendant standing mute, the court entered a plea of not guilty for and on behalf of the defendant in conformity with section 11915, Revised Codes, reading: ''If the defendant refuse to answer the

indictment or information by demurrer or plea, the plea of not guilty must be entered.''

Considering defendant's specification of error No. 4, the ■ court did not err or abuse its discretion in denying defendant's second motion of July 10, 1945, for a continuation of trial until August, and it is to be noted that the court re-set the case for trial from July 10, 1945, to July 17, 1945. Such matters rest in the sound discretion of the trial court.

Defendant's specifications of error Nos. 5 and 6 have to do ■ with questions asked by the county attorney of two prospective jurors as to whether they knew or were acquainted with George Van Nortwick during his lifetime. Though the deceased was the father of the prosecutrix, we fail to see that the question would be prejudicial to the defendant.

Under specification of error No. 7, defendant claims error on ■ the trial court's ruling on the following questions asked the prosecutrix on cross-examination:

''Q. You knew of course, that there was some talk going around Judith Basin County that Mr. Stevens only married your mother to get her money? A. That's right.

''Mr. Vralsted: Object to that, not proper examination.

''Court: Sustained.

''Q. You knew that there were other people didn't like the defendant, as well as yourself, didn't you?

''Mr. Vralsted: Object to that, not cross-examination.

''Court: Sustain the objection.''

It is to be noted that the first question was answered before the objection and ruling, and the court did not err in sustaining the objections.

Under specifications of error Nos. 8, 9, 10, 11 and 12, appellant assigns error in the trial court's sustaining objections of the county attorney to the following questions asked the prosecuting witness on cross-examination and in denying defendant's offer of proof on the matters inquired about and related subjects:

''Q. Did he tell you that under the law of Montana if you

were found guilty of being a juvenile delinquent that you could be sentenced? A. No, he didn't.

"Q. That was not even brought up for discussion, was it?

"Mr. Vralsted: Objected to.

"Court: At this time the objection is sustained, if the question has not been answered.

"Q. You weren't afraid of them? You were not afraid they were going to put you in the institution for wayward girls?

"Mr. Vralsted: We renew the objection previously made.

"Court: Sustained. Not proper cross-examination, in the opinion of the court.

"Q. The statement purported to be a resume of all the occurrences you have testified heretofore on direct examination, With Mr. Stevens?

.. "Mr. Vralsted: We make the objection this is not cross-examination, incompetent, irrelevant and immaterial. This girl is not on trial.

"Court: Objection sustained.

"Q. You have not been there at Lewistown of your own free will, have you?

" Vralsted: Object to that on the same grounds.

"Court: At this time the objection is sustained."

An examination of the record shows that on these questions and the subjects contained in the defendant's offer of proof the following testimony was given by the prosecutrix, on cross-examination:

"Q. As a matter of fact, didn't somebody over there, either Bailey or Grady, tell you you were a juvenile delinquent, and that you could be sent to an institution here in Montana? A. No, he didn't.

"Q. They never told you that? A. I just took it for granted I was a juvenile delinquent because I am under age.

"Q. You took it for granted? You didn't ask Mr. Bailey about it, did you? A. Yes, I asked him several things about it.

"Q. He was there questioning you with reference to the

possibility you were a juvenile delinquent, wasn't he? A. He questioned me as to what I had to do with Mike.

"Q. How did he know anything about Mike? A. He didn't until I told him.

"Q. Did he tell you that, under the law of Montana, if you were found guilty of being a juvenile delinquent that you could be sentenced? A. No, he didn't.

"Q. Now, as the result of the conversation you had with Mr. Bailey and Mr. Grady, you were somewhat nervous and frightened, were you not? A. No, not exactly.

"Q. You weren't afraid of anything? A. I wasn't afraid of them.

"Q. Isn't it true, Jean, that on one of those occasions when talking with her (prosecutrix' mother) you told her punishment was going to be given to you or to the defendant? A. I think I did. * * *

"Q. And of course you talked about many other matters, too, didn't you? A. A few.

"Q. Isn't it true the reason you told your mother that was because the Prohibition Officer had told you before this that if you testified in this case against the defendant, that they would turn you loose? A. No, he didn't.

"Q. They never told you that? A. No.

"Q. Now then, after you signed the statement you say you did down in Great Falls before the police officers, isn't it true, after you got up here to Stanford and started talking to the County Attorney, that you were afraid to change your story? A. No.

"Q. Didn't they tell you up here that you had already signed a confession of all these events, that you couldn't back out if you wanted to? A. No, they didn't.

"Q. As a matter of fact, Mr. McKenna told you in what manner to testify up here, didn't he? A. Told me to tell the truth

"Q. He didn't tell you the exact words to say or use, did he? A. No, he didn't.

"Q. You never went over the story with him then, did you?
A. I went over it with him.

"Q. How many times? A. Several times.

"Q. Down there in Lewistown? A. Yes.

"Q. Yet you say he never coached you? A. He told me what to expect in Court.

"Q. Yet you now say he never coached you on how to say it? A. No, he didn't."

If the trial court erred in sustaining the state's objections, ▮ and we do not say that it did, the record discloses that the errors complained of by the defendant are erased by the defendant getting before the jury, before the trial was over, the evidence and testimony which he desired on these subjects. The defendant successfully presented to the jury evidence on the questions of threats to the prosecutrix, evidence as to whether or not any immunity was offered prosecutrix, evidence as to whether or not anyone coached prosecutrix as to her testimony, evidence as to whether or not prosecutrix had made statements under fear or coercion, and evidence on related subjects. We cannot find merit in the above specifications of error and this court said in the case of State v. Lake, 99 Mont. 128, 139, 43 Pac. (2d) 627, 631: "In spite of the objections to specific questions, the defendant did finally succeed in getting practically all of this evidence before the jury. Under the circumstances he suffered no prejudice."

Under specifications of error Nos. 13 and 14 defendant claims ▮ that the trial court erred in sustaining the state's objections to the following question asked of the prosecutrix:

"Q. On the other occasions that you testified commenced on November 1, five or six miles the other side of Geyser, there wasn't any force used then, was there?

"Mr. McKenna: Object to that as incompetent, irrelevent and immaterial.

"Court: Objection is sustained."

And that the court erred in denying defendant's offer to prove, by cross-examination of the prosecutrix, that when the

alleged act or acts of sexual intercourse took place the defendant used no force or fraud or threats. The trial court did not err in sustaining the objection and denying defendant's offer of proof. This court, in the case of State v. Browser, 21 Mont. 133, 141, 53 Pac. 179, 182, said: "But if the jury found that the defendant had sexual intercourse with the prosecutrix, and that she was under the age of 16 year [now 18 years], the question of force became wholly immaterial."

Defendant's specifications of error Nos. 15, 16, 17, 18 and 19. Defendant contends that the trial court erred in sustaining the state's objections to the following questions asked the prosecutrix by defense counsel on cross-examination:

"Q. Did you sign any statements in his office?

"Mr. Vralsted: Object to that, not proper cross-examination, wholly incompetent, irrelevant and immaterial, does not constitute a defense in this action.

"Court: Sustained.

"Q. The only statement you ever signed was the one you signed in Great Falls?

"Mr. Vralsted: Same objection.

"Court: Sustained.

"Q. As a matter of fact, when you were down in Lewistown didn't somebody tell you that all your clothes that were out at the home were taken away and sold?

"Mr. Vralsted: Object to that as improper cross-examination, incompetent, irrelevant and immaterial to any issue in this case, no bearing on the case whatsoever.

"Q. You would not object to being sent to an institution, would you?

"Mr. Vralsted: Object to that, improper cross-examination.
"Court: Sustained.

"Q. And that you wanted him to be sentenced, is that true?

"Mr. Vralsted: Object to that, improper cross-examination. What the witness may wish is wholly immaterial.

"Court: Objection is sustained.

"Q. You are one of those in Judith Basin County that said

repeatedly he had married Mrs. Stevens, that is, the defendant, for her money and property?

"Mr. Vralsted: We object to that.

"Court: Sustained."

Though wide latitude is to be allowed on cross-examination, the subjects inquired about by defendant's counsel were on matters not dealing with the issues and about which the witness had not testified to on direct examination, and the trial court did not unreasonably restrict the examination. "This court has announced the rule repeatedly that the widest latitude, compatible with well-settled principles of the law of evidence, should be allowed in cross-examination; but no court has ever stamped with approval the theory that even in a criminal case of this character, no limit can be set upon the cross-examination of the prosecuting witness, save only such as is dictated by the whim of caprice of the examining counsel. * * * a party may not cross-examine an adversary witness upon irrelevent subjects, merely for the purpose of eliciting something at which to direct contrary evidence." State v. McConville, 64 Mont. 302, 305, 306, 307, 209 Pac. 987, 988.

Under specifications of error Nos. 20, 21 and 22 defendant contends that the trial court erred in sustaining the state's objections to the following questions asked of defendant's witness by defense counsel and his offer of proof on the last subject inquired about:

"Q. Do you happen to know what any of those forces were? A. It seemed to be people talking that he was not her father, and—

"Mr. Vralsted: We object to that part of the testimony as being hearsay, what people seemed to say and talk.

"Court: Yes. Sustained.

"Q. State whether or not she ever told you she had been told by numerous people here around Stanford that the defendant married you solely for your property? A. Yes, she heard that.

"Mr. Vralsted: We object to that leading question.

"Court: Objection sustained."

The record shows that the last question was answered before ██ ██ the objection and court ruling. The offer of proof called for hearsay evidence was not material to any issue in the case, and the court properly sustained the state's objections.

Under specification of error No. 23 defendant contents the ██ court erred in the overruling of counsel's objection to the use of the term "white slavery" by the county attorney in his disclosing argument to the jury. The argument of the county attorney does not appear in the record and we have no way of knowing in what manner or connection the words were used or applied or what effect the words might have produced. Under the circumstances we agree with what this court said in the case of State v. Stevens, 60 Mont. 390, 407, 199 Pac. 256, 261: "Objection was made by defendant to alleged remarks of the county attorney in his closing argument. In this connection it may be well to remark that the address of the county attorney is not shown in the transcript, nor are any of the portions of it to which objection was made settled in any way by the court. The record merely shows the objections of defendant without any record to which the objections can apply. If appellant desires to have such questions reviewed in this court, the record should show what actually took place, so that there may be no uncertainty as to what the facts in question were. Furthermore, inasmuch as the text of the county attorney's address is not before us, we are unable to determine the connection in which the remarks in question were used. It is universally recognized that a single statement or remark, standing alone, apart and separate from the connection in which it was used, cannot be accurately interpreted. Oftentimes remarks, when separated from the context, are construed to convey ideas just the opposite of those expressed. If the statements were made as set forth in these several objections, we cannot give them a proper construction without the context, and therefore are unable to say that such remarks were in any way prejudicial to the interests of the defendant."

Defendant's specification of error No. 24 was based on the court's refusal to give defendant's proposed instruction No. 1. This proposed instruction gave the date of the alleged offense as on or about December 15, 1944, in place of the correct date elected by the state on or about November 1, 1944, and the proposed instruction for that reason was erroneous.

Specification of error No. 25 is based on the court's refusal to give defendant's proposed instruction No. 2 to the effect that evidence had been introduced that the hymen of the complaining witness had been ruptured and that the same could have been done by masturbation. There was no issue or evidence of masturbation and the proposed instruction was properly refused.

Specification of error No. 26 is based on the court's refusal to give defendant's proposed instruction No. 3 which sought to confine the date of the alleged offense to one certain day. The proposed instruction was refused and the matter was properly covered by an instruction given by the court as on or about such a date.

Specification of error No. 27 is based on the court's refusal to give defendant's proposed instruction No. 4, which was based on the failure of the prosecutrix to make complaint of the alleged offense as affecting her credibility. The proposed instruction was properly refused by the court. ''Whatever the rule may be elsewhere, in this state 'the rule which requires a prosecutrix raped by force to make immediate outcry or disclosure, or stand discredited on the trial, has no application to a prosecution for the rape of a female under the age of consent.' '' State v. Paddock, 86 Mont. 569, 575, 284 Pac. 549, 551.

Specifications of error Nos. 28 and 29 are based on the court's refusal to give defendant's proposed instructions Nos. 5 and 6 known as cautionary instructions. ''While this court has said: 'It is undoubtedly true that charges such as this are easy to make and hard to defend against, even by one who is guiltless; and where the state relies upon the uncorroborated testimony of the prosecutrix, the jury should be cautious of con-

victing upon such evidence' (State v. Gaimos [53 Mont. 118, 162 Pac. 596, 599]), it has twice declared that the trial court did not commit error in refusing to give an instruction similar to the one under discussion. State v. Keeler, 52 Mont. 205, 156 Pac. 1080, L. R. A. 1916E, 472 Ann. Cas. 1917E, 619; State v. Mihalovich, 69 Mont. 579, 222 Pac. 695.'' State v. Peterson, 102 Mont. 495, 502, 59 Pac. (2d) 61, 64.

Specifications of error Nos. 30 and 31 are based on the trial court's refusal to give defendant's proposed instructions Nos. 7 and 8, to the effect that there was no evidence in the case that certain entries in the diary introduced in evidence had been altered or erased, which entry referred to the whereabouts, which was disputed, of the defendant on the date of the alleged offense. The court did not err in refusing the proposed instructions. ''It has long been the rule in this state, as elsewhere, that a court may not instruct the jury as though a disputed fact had been proved. State v. Sullivan, 9 Mont. 174, 22 Pac. 1088.'' State v. Daems, 97 Mont. 486, 500, 37 Pac. (2d) 322, 327.

Specification of error No. 32 was based on the trial court's instruction on reasonable doubt given over defendant's objection. In substance the instruction follows the instruction given in the case of Territory of Montana v. McAndrews, 3 Mont. 158, and, as given in the McAndrews case, was approved in State v. De Lea, 36 Mont. 531, 93 Pac. 814, and again approved in State v. Zorn, 99 Mont. 63, 41 Pac. (2d) 513.

We find no error prejudicial to the defendant. The defendant was given a fair trial. The evidence sustains the verdict of the jury. The judgment is affirmed.

Associate Justices Morris, Adair, Cheadle, and Angstman. concur.