UNITED STATES of America

v.

Ernest L. ARCHIE et al., Appellant
in No. 19181.

Appeal of Charles J. SMITH, No. 19182.

Appeal of Leroy A. WASHINGTON,
No. 19183.

Nos. 19181–19183.

United States Court of Appeals,
Third Circuit.

Argued Nov. 15, 1971.

Decided Dec. 30, 1971.

Certiorari Denied April 17, 1972.
See 92 S.Ct. 1521.

Stanton D. Levenson, Pittsburgh, Pa., for Ernest L. Archie.

Harry F. Swanger, Pittsburgh, Pa., for Charles J. Smith.

Raymond G. Hasley, Rose, Schmidt & Dixon, Pittsburgh, Pa., for Leroy A. Washington.

Samuel J. Orr, Asst. U. S. Atty., Pittsburgh, Pa. (Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before GANEY, ADAMS, and ROSENN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellants were convicted in a joint trial before Chief Judge Marsh and a jury of the robbery of the Progressive Home Federal Savings and Loan Association, Pittsburgh, Pennsylvania.[1] A fourth defendant, Jack Parrotte, was acquitted by the jury. The Government's case consisted primarily of the testimony of Parrotte and of Mr. Samuel Finley, who was able to make an eye-witness identification of defendant Archie.

All three appellants contend that the trial court committed reversible error when it permitted Mr. Finley to identify Archie in the courtroom. They claim that Mr. Finley's identification should not have been permitted because Finley, although unable positively to identify Archie's picture from a display of eight photographs only five days after the robbery, was able to identify him at a line-up where Archie was unrepresented by counsel and at a preliminary hearing under circumstances alleged to be suggestive. At a subsequent lineup, where Archie was represented by counsel, Mr. Finley identified Archie as " . . . the same gentleman that was in the first lineup I attended."

Because the Government elected to introduce into evidence only an in-court identification by Mr. Finley, the trial court did not rule on the legality of the various confrontations. For the purpose of this opinion, we may assume without deciding that Mr. Finley's preliminary hearing and lineup identifications were constitutionally defective. The question before us, then, would be the same as that facing the trial court at the suppression hearing: whether the Government established by clear and convincing evidence that the witness had a source of identification independent of the pretrial identifications. *See* United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1966). The district court so found, and we agree.

At the suppression hearing, Mr. Finley testified that he had been a real estate broker for over 12 years, and had dealt with Negro clients approximately 50% of the time. Mr. Finley related that on the day of the robbery, December 12, 1969, he observed from his office window three Negro males standing in an alleyway. He further stated that because it was unusual for anyone to stand in this little-used alley on a cold day, he continued to watch the men for about five minutes. Mr. Finley testified that he focused upon a man with a camelshair cap because of that man's "unforgettable features," and that he observed

---

1. Each defendant filed a separate appeal, all of which were consolidated by this Court for the purpose of argument.

that man from left, right and front views until the man donned a mask prior to entering the bank. Furthermore, testimony indicated that Mr. Finley was able tentatively to identify Archie when shown the photographic display five days after the robbery. On this basis, the trial judge found that Mr. Finley's identification had a source independent of the lineups and confrontation, and denied the motions to suppress. We conclude that the finding of the trial judge in this regard was not clearly erroneous.

▮ In addition to contending that Mr. Finley's identification testimony should have been suppressed, appellant Smith asserts that the "spillover effect" of such testimony was prejudicial to Smith. Because this argument is predicated upon the premise that Mr. Finley's testimony should have been excluded, and since we have held the motion to suppress was properly denied, we find no merit in this contention.[2]

▮ Appellant Washington adds the further argument that he was denied due process of law by the trial judge's failure to grant a severance following the introduction of Mr. Finley's testimony. Washington did move to sever on the ground that Archie's unruly conduct would be prejudicial to Washington, but this motion was properly denied when it became apparent that Archie would conduct himself in an orderly manner in the courtroom. Washington did not move to sever on the ground that Mr. Finley's testimony would be inadmissible against him in a separate trial and that there existed " 'a reasonable possibility that the evidence complained of might have

contributed to the conviction.' Fahy v. Connecticut, 375 U.S. 85, 86, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963)." However, the denial of a motion for severance is discretionary with the trial judge, United States v. De Larosa, 450 F.2d 1057 (3d Cir. 1971); McHale v. United States, 130 U.S.App.D.C. 163, 398 F.2d 757, cert. denied, 393 U.S. 985, 89 S.Ct. 462, 21 L.Ed.2d 447 (1968); United States v. Barrow, 363 F.2d 62 (3d Cir. 1966), cert. denied, 385 U.S. 1001, 87 S.Ct. 703, 17 L.Ed.2d 541 (1967), and in view of the fact that no such motion was made here, we do not find that the trial judge abused his discretion by not granting severance *sua sponte*.[3]

Washington also contends that the prejudice against him resulting from the failure to sever was compounded because the trial judge failed to instruct the jury to segregate the evidence and to consider the testimony against each defendant separately.

▮ Washington, however, neither asked for a limiting instruction nor objected to the charge pursuant to Fed.R. Crim.P. Rule 30. Thus, the trial court was never given the opportunity to pass upon the matter now alleged to be plain error under Fed.R.Crim.P. Rule 52(b). We have carefully reviewed the charge, and although it would have been preferable for the trial judge to have instructed the jury to consider the evidence against each defendant separately, we do not conclude that the charge as given constituted plain error.

Accordingly, the judgments of the district court in these cases will be affirmed.

---

**2.** Smith never objected to Mr. Finley's testimony, never joined in the motion to suppress, never moved to sever, and failed to take exception to the trial judge's charge. Therefore, this point has not been properly preserved for appeal. United States v. Grosso, 358 F.2d 154, 158 (3rd Cir. 1966).

**3.** We note in passing that although the case against Washington consisted almost entirely of Parrotte's testimony, and that such testimony went to the jury as

accomplice testimony, and the jury was duly warned about it, Parrotte's acquittal raised his status to that of an ordinary witness and removed the cloud that would otherwise be cast upon his credibility. *cf.* Pereira v. United States, 202 F.2d 830, 835 (5th Cir. 1953), aff'd 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954); Gardner v. United States, 283 F.2d 580, 581–582 (10th Cir. 1960). Accordingly, even excluding Mr. Finley's testimony, there was an adequate basis upon which to rest Washington's conviction.