Hillsborough,
No. 6121.

STATE

*v.*

JAMES M. CARMODY.

May 31, 1972.

*Warren B. Rudman,* attorney general, and *W. Michael Dunn,* assistant attorney general (*Mr. Dunn* orally), for the State.

*Paul R. Kfoury,* by brief and orally, for the defendant.

LAMPRON, J. Defendant was tried before a jury on a charge of armed robbery at Jean's Foodland in Nashua on October 20, 1969. A verdict of guilty was returned and defendant's

motion to set it aside was denied, after a hearing, by *King*, J. All questions of law raised by defendant's exception thereto and any exceptions appearing in the transcript of the trial were reserved and transferred.

Defendant's motion to set aside the verdict was based largely on alleged violations of his constitutional rights when he was observed at his arraignment in the District Court of Nashua by the witness who later identified him at the jury trial. At the hearing on his motion, defendant testified he had retained counsel to represent him at the arraignment and probable cause hearing. However, counsel sent word to the court that he was unable to be present and that his client was to plead not guilty and seek a postponement of the probable cause hearing, which he did. Four persons, two of whom identified him at the jury trial, were present in the district court that morning. Defendant testified further that he was placed in the "prisoner's box" in the courtroom along with two defendants in other cases. He observed that two police officers approached the four persons in question and all six left the courtroom together. He further testified that he saw these persons looking at him through an open door across from "the prisoner's box."

An examination of State and federal decisions reveals a lack of agreement on whether such a confrontation in the courtroom at arraignment comes within the purview of *United States* v. *Wade*, 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926 (1967), and *Gilbert* v. *California*, 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951 (1967); *see State* v. *Borchert*, 479 P.2d 454 (Mont. 1971); *People* v. *Catlett*, 48 Ill. 2d 56, 268 N.E.2d 378 (1971); *United States* v. *Jackson*, 448 F.2d 963 (9th Cir. 1971); *Mason* v. *United States*, 414 F.2d 1176 (D.C. Cir. 1969); *Pettett* v. *United States*, 434 F.2d 105 (6th Cir. 1970). However, we assume for the purposes of this case, without deciding the issue, that the *Wade* and *Gilbert* principles are applicable.

There was no pretrial motion to suppress evidence of the incident in the district court, be it a lineup, as called by the defendant, or a viewing or confrontation under any other name. The happening was not testified to or referred to in any manner at the jury trial. Hence we are not confronted with the *Gilbert* case rule of per se exclusion of testimony

pertaining to identification of the defendant at a critical stage lineup conducted without the presence of counsel. *Gilbert* v. *California supra; United States* v. *Archie,* 452 F.2d 897 (3d Cir. 1971).

The issue to be decided in this case is whether we can say considering the circumstances as a whole on the record before us that the identification of the defendant at the jury trial did not result from the prior district court confrontation but had an independent origin. *State* v. *Fleury,* 111 N.H. 294, 300, 282 A.2d 873, 877 (1971); *United States* v. *Marson,* 408 F.2d 644 (4th Cir. 1968); *United States* v. *Famulari,* 447 F.2d 1377, 1380 (2d Cir. 1971); *Allen* v. *Moore,* 453 F.2d 970 (1st Cir. 1972).

It is a reasonable and warranted conclusion from the record that the confrontation in the district court was not arranged for that purpose by the police but was coincidental to the required appearance of the witnesses at defendant's scheduled preliminary hearing. *People* v. *Catlett,* 48 Ill. 2d 56, 268 N.E.2d 378 (1971). The defendant at the hearing on his motion to set aside the verdict did not testify to any conversation between the police and the witnesses or to any action by the police which would support a conclusion that the witnesses were influenced in a way which might lead to a mistaken identification. His was the only testimony at the hearing.

On the other hand the record of the jury trial shows that the two witnesses who identified the defendant had an excellent opportunity to take a close look at the defendant and his companion at the time of the robbery. The robbers were not masked. The store in which the robbery occurred was well lighted. One witness testified that the defendant "came right up close to me holding the bag" in which she was placing the money at gun point. She testified there was no doubt in her mind as to defendant's identity. The other witness, a customer, testified that the defendant was in back of him in the check out line and "I could see him over the shoulder" of the other man with the gun. He testified he could recognize the two men "very good."

We are satisfied on the evidence that the witnesses would have recognized and identified the defendant at the jury trial even if they had not seen him in the district court and

that no reasonable person could find on the record before us that the viewing in the district court resulted in any unfairness. State v. Fleury, 111 N.H. 294, 300, 282 A.2d 873, 877 (1971); United States v. Black, 412 F.2d 687 (6th Cir. 1969); United States v. Gaines, 450 F.2d 186 (3rd Cir. 1971); United States v. Famulari, 447 F.2d 1377 (2d Cir. 1971); United States v. Archie, 452 F.2d 897 (3rd Cir. 1971); Allen v. Moore, 453 F.2d 970 (1st Cir. 1972). We hold therefore that under all the circumstances defendant's identification by the witnesses at the trial did not violate the Wade and Gilbert rules nor those of Stovall and Simmons. State v. Monteiro, 110 N.H. 95, 261 A.2d 269 (1970); People v. Fox, 48 Ill. 2d 239, 269 N.E.2d 720 (1971); United States v. Jackson, 448 F.2d 963 (9th Cir. 1971); State v. Edge, 57 N.J. 580, 274 A.2d 42 (1971); Allen v. Moore supra.

The record before us supports the verdict of guilty rendered by the jury and we hold that the trial court properly denied defendant's motion to set aside the verdict.

*Exceptions overruled.*

All concurred.