No. 12290

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

STEVE J. LISS,

Plaintiff and Appellant,

-vs-

GEORGE KREITEL et al,

Defendants and Respondents.

---

Appeal from: District Court of the Sixteenth Judicial District, Honorable Alfred B. Coate, Judge presiding.

Counsel of Record:

For Appellant:

Gary E. Wilcox argued, Billings, Montana.

For Respondents:

Lucas, Jardine and Monaghan, Miles City, Montana. Thomas M. Monaghan argued, Miles City, Montana.

---

Submitted: April 26, 1973

Decided: MAY - 4 1973

Filed: MAY - 4 1973

---

Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This personal injury action was tried in Ekalaka, Montana, in February 1972, with the jury returning a verdict in favor of defendant George Kreitel. Judgment in favor of defendant was subsequently entered by the district court, followed by a motion for a new trial which was argued and briefed to the district court. The district court denied the motion for a new trial and this appeal by plaintiff, Steve Liss, resulted.

Steve Liss was injured on December 24, 1969 while in the employment of defendant, George Kreitel, who was engaged in well-digging operations in Carter County, Montana. Liss suffered severe damage to his vascular and muscular system, finally resulting in the amputation of the plaintiff's left arm.

Counsel for the plaintiff contends that during the selection of the jury he voir dired the prospective jurors as to any possible acquaintance with the Kreitel family and that Mrs. Patty Hendricks did not indicate that she had been acquainted with any of the Kreitel family.

After the first day of trial, juror Patty Hendricks approached counsel for plaintiff and requested to talk to him. Counsel refused to talk to her and indicated to her that she should address any questions she had to the court. She did so and before the start of the second day of trial a hearing was held in chambers between counsel, the court and Mrs. Hendricks.

We digress here to note that the record on appeal in this case consists of five pages covering the hearing in chambers. Absent a complete record of the voir dire this Court cannot examine into matters not appearing in the record but we proceed herein largely on the basis of oral assertions by counsel.

It appears that in chambers, during the course of the hearing, Mrs. Hendricks indicated that she was acquainted with

Veronica Kreitel, a daughter of defendant, whose name was then Sikorski, and had neglected to report such acquaintance during voir dire examination.

Counsel for Liss at that time indicated that he would have challenged the prospective juror on voir dire had this disclosure been made and he at that time entered a challenge against seating Mrs. Patty Hendricks on the panel.

The court was of the opinion that once the jury was passed for cause, counsel was precluded from any challenges. Upon questioning by plaintiff's counsel the court did indicate that counsel would not be precluded from such a challenge if the prospective jurors were under oath and had committed perjury.

The court denied counsel's objection to the juror and ordered that she be allowed to sit on the jury panel during the course of the trial.

On February 22, 1972, plaintiff, through his counsel, filed a motion for a new trial and briefs were submitted by counsel for the parties. Oral arguments for a new trial were held and respective counsel were given additional time to file memorandums, after which the motion for a new trial was denied on March 10, 1972.

The issues in this case can be stated in general terms as to whether the lower court erred in overruling plaintiff's motion to replace juror Patty Hendricks or specifically as to whether plaintiff should have been allowed an additional peremptory challenge and was, therefore, denied his right to a fair trial before a fair and impartial jury because of the alleged withholding of information upon voir dire examination.

This Court appreciates the capable argument of counsel for plaintiff; however, we are not able to agree with his

contentions. The plaintiff contends to this Court that juror

Patty Hendricks had a state of mind that would be prejudicial

to him. In regard to the state of mind of a juror and the dis-

cretion of the district court in passing on the state of mind

of a juror, this Court, in State v. Russell, 73 Mont. 240, 249,

235 P. 712, has stated:

> "The examination of a juror on his voir dire
> is no more nor less than the taking of testi-
> mony on the issues raised as to his qualifi-
> cations to serve in the case before the court.
> (Citations omitted.) The determination must
> be left largely to the sound discretion of the
> trial court (Citations omitted.); and, in deter-
> mining the question, the trial court, as in
> passing upon any other question of fact estab-
> lished by oral testimony, has the advantage of
> observing the witness on the stand, his demeanor
> and candor, or lack of candor, and a review of
> the court's rulings and findings should be
> governed by the same rules as in reviewing any
> other findings and judgment based thereon. They
> should not be set aside unless error is manifest,
> or there is shown a clear abuse of discretion.
> * * *"

We have reaffirmed this position in Watson v. City of

Bozeman, 117 Mont. 5, 156 P.2d 178, and again in the case of

State v. Borchert, 156 Mont. 315, 320, 479 P.2d 454, wherein

the following is stated:

> "Defendant's second specification of error is
> that certain jurors should have been disquali-
> fied upon challenge for cause. There is no
> transcript of the objectionable portion of the
> voir dire transmitted to this Court, only an
> affidavit of the defendant's attorney. In this
> matter we wish to affirm our holding in Watson
> v. City of Bozeman, 117 Mont. 5, 156 P.2d 178,
> that the trial court is in a better position to
> judge the prejudice of jurors and its findings
> should not be set aside unless the 'error is
> manifest, or there is shown a clear abuse of
> discretion.' Here, no such error or abuse of
> discretion has been shown."

Appellant's brief refers to many cases, but it cites

only one Montana decision, that is State v. Brooks, 57 Mont. 480,

188 P. 942. The important distinction between that case and the

- 4 -

instant case is the fact that this Court had a record of the voir dire examination of the jurors upon which to decide whether the district court had been correct in its rulings. The voir dire record was reviewed and this Court finally summarized the mental attitude of the juror as gained from a review of the record in this fashion in Brooks at page 489:

> "'If I am selected as a juror to try this case, I will give the defendant a fair and impartial trial and find him guilty.'"

To sustain his position plaintiff contends that juror Patty Hendricks withheld information, but the comments of the district court in the record show that the district court did not believe that juror Patty Hendricks had ever been asked any questions concerning her knowledge of the Kreitel daughters.

Counsel for Kreitel interpreted the actions of juror Patty Hendricks in coming to the court as showing that she desired to be a fair and impartial juror in the case. She was brought before the district court, in chambers, and questioned concerning any misunderstanding that might have taken place in the voir dire. Liss, through his counsel, was given ample opportunity to show that the juror would be prejudiced in fact and to show that he was entitled to a challenge for cause. This he was not able to do.

There is no record showing that the district court committed error in making this decision to allow juror Patty Hendricks to serve.

The ruling of/the district court allowing juror Patty Hendricks to serve was within the court's discretion.

The judgment is affirmed.

_____
Chief Justice

- 5 -

We concur:

_____

_____ ,

_____
Associate Justices

Mr. Justice Frank I. Haswell specially concurring:

I concur in the result.

In my view, no justiciable issue is presented for review in this case and this appeal should be summarily dismissed. We have no record before us indicating what questions were asked the prospective juror or what her answers were. Additionally, a substantial and material factual dispute as to what occurred during the process of jury selection is apparent from the briefs and oral argument of counsel. Absent a record of what occurred, no issue is presented and no review is possible.

_____
Associate Justice