Belknap
No. 7240

STATE OF NEW HAMPSHIRE

v.

CHESTER G. OBER

June 30, 1976

*Warren B. Rudman,* attorney general, and *James L. Kruse,* assistant attorney general *(Mr. Kruse* orally), for the State.

*Charles H. Bradley III,* by brief and orally, for the defendant.

DUNCAN, J. The defendant was convicted by jury verdict following his indictment charging him with aggravated assault on Penny Morris on June 23, 1974, a class B felony. RSA 631:2. At the outset of the trial the presence and identity of the defendant was established in the presence of the Court *(Keller,* C.J.) and counsel and the jury, by the defendant's response to the clerk's request that he stand, and be seated again. The jurors were thereafter sworn, the indictment was read, and the jury was informed that the issue to be tried was that presented by the defendant's plea of not guilty.

Defendant's counsel then moved for mistrial upon the ground that "the accused was identified for the victim by the clerk of court when he asked Mr. Ober to stand". The motion was denied, subject to exception. Counsel then pointed out that "the victim was seated in the courtroom when the defendant was asked to stand"; and after colloquy it was understood that the witnesses would be sequestered except when testifying.

In the course of direct examination of the complaining witness, Penny Morris, her courtroom identification of the man who had assaulted her was excluded on defendant's objection, until after evidence was received of her pretrial identification of the defendant from a photographic line-up conducted in the Gilford police

station late in the day on which the alleged assault took place. The defendant's objection to courtroom identification by the witness after the evidence of her pretrial identification was received, on the ground that the identification "is still tainted by what happened in the courtroom first thing yesterday when Mr. Ober stood up", was overruled subject to exception.

The questions of law presented by the defendant's exception were reserved and transferred by the presiding justice.

The only issue briefed and argued is whether the defendant was deprived of due process of law because the witness' courtroom identification was tainted by the identification of the defendant as the person on trial, which took place at the beginning of the trial.

In the pretrial investigation, there had been no uncertainty in the witness' identification of the defendant as the offender in question. The evidence was that she had described the defendant to police both orally and by written statement in substantially accurate fashion; that thereafter she had positively identified his photograph from among five colored mug shots shown to her in a photographic show-up; that the defendant was arrested on the basis of information supplied by the witness; and that when by inadvertence she had seen the defendant in the police station in the early hours of the day following the alleged assault, she had stated "that's him". The thrust of defendant's argument must be that the procedure at the trial "was so unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process of law." *Stovall v. Denno*, 388 U.S. 293, 301-02 (1967). *See also Simmons v. United States*, 390 U.S. 377, 384 (1968).

The evidence was that on the evening of June 23, 1974, Penny Morris while "hitchhiking" on Route 3 in Lochmere, was given a ride shortly before 7 p.m. by a man whom she later described to police as "between 33 and 35 years old" with "dark hair and very bloodshot eyes", cleanshaven, and wearing sunglasses and a "tan or brown golf hat". At the trial she testified that she looked at the man upon entering the vehicle because, "I always look at who I'm getting in the car with first". While he was driving, the man replaced his sunglasses with standard lenses. At some point, the driver seized Mrs. Morris by the hair and pulled her head down toward his lap, held a knife to her neck, and according to the witness threatened to slit her throat. He held her in this position for a minute or so during which time she was looking directly at

him. In response to her pleas, he released her and she jumped out of the car, which was then stopped, or slowly moving. The assailant sped away but not until the witness made a mental note of the license plate. She sustained wrist and facial lacerations.

Later that evening, she gave the Gilford police a statement recounting the essential facts. Sometime after midnight she was asked to view five color photographs to identify her assailant if possible. Each was a standard police photograph of front view and profile and all were dated June 23, 1974. Mrs. Morris readily identified the photograph of the defendant.

The United States Supreme Court has indicated that "a claimed violation of due process of law in the conduct of a confrontation depends on the totality of the circumstances surrounding it". *Stovall v. Denno,* 388 U.S. 293, 302 (1967); *State v. Carmody,* 112 N.H. 179, 181, 291 A.2d 610, 611 (1972). Specifically, the issue to be decided in this case is whether it can be said on the record that the in-court identification of the defendant did not result from the earlier confrontation in the courtroom but was independent thereof. *Id.; Commonwealth v. Ross,* 361 Mass. 665, 672, 282 N.E.2d 70, 74 (1972); *cf. United States v. Wade,* 388 U.S. 218, 240-41 (1967). The defendant has the burden of showing that the trial procedure of which he complains presented "a very substantial likelihood of irreparable misidentification". *Simmons v. United States,* 390 U.S. 377, 384 (1968). This turns on a consideration of various factors: among them, the opportunity the victim had to view her assailant; any discrepancies between her initial description of the assailant and his actual appearance; the results of any line-up, show-up, or photographic display; and the lapse of time between the alleged offense and the initial identification. *Id.; Neil v. Biggers,* 409 U.S. 188, 199-200 (1972).

Reviewing the facts against this background, we cannot conclude that the victim's in-court identification was tainted by the courtroom procedures. It could reasonably be found that Mrs. Morris and the assailant were together in his car for some 10 to 15 minutes. The assault occurred at a time of day when there was ample light and after the assailant had removed his sunglasses. She testified that from the time he attacked her until she was finally out of the car, she "watched him constantly". *See State v. Carmody,* 112 N.H. 179, 181, 291 A.2d 610, 611 (1972); *Neil v. Biggers,* 409 U.S. 188 (1972). Within six hours of the alleged assault, the victim identified the defendant's photograph without hesitation from among five like photographs submitted to her at

the Gilford police station. The defendant's argument makes no claim of irregularity in the show-up in support of his exception. *United States v. Ash,* 413 U.S. 300 (1973). Although the witness' initial description of her assailant included no unique characteristic, it was nevertheless accurate and not at variance with the defendant's actual appearance. The undisputed facts warranted the conclusion that the identifying witness had grounds independent of the courtroom confrontation objected to, upon which to base her identification. *State v. Fleury,* 111 N.H. 294, 300, 282 A.2d 873, 877 (1971); *State v. Caplan,* 353 A.2d 172 (Me. 1976).

Carried to its logical conclusion, the defendant's argument suggests that there was something intolerably prejudicial in the fact that an identifying witness was made aware of who the defendant was before she took the stand. This is not sufficient to invalidate an in-court identification. *United States v. Davis,* 487 F.2d 112, 122 (5th Cir. 1973); *United States v. Hardy,* 448 F.2d 423, 424-25 (3d Cir. 1971); *State v. Tyson,* 278 N.C. 491, 180 S.E.2d 1 (1971); *United States ex rel. Riffert v. Rundle,* 464 F.2d 1348 (3d Cir. 1972). "In terms of fairness ... there has been no abuse. Not only is counsel present, but the jury has full opportunity to view the circumstances and assess evidentiary worth." *Allen v. Moore,* 453 F.2d 970, 973 (1st Cir. 1972).

A defendant is not denied due process of law solely because he is identified as the individual on trial. *United States v. Davis,* 487 F.2d at 122. The identification in this case was established by substantial evidence independent of the courtroom confrontation and was properly received in evidence for consideration by the jury in rendering its verdict. *Stovall v. Denno,* 388 U.S. 293 (1967); *Coleman v. Alabama,* 399 U.S. 1 (1970).

*Defendant's exceptions overruled.*

All concurred.