UNITED STATES of America

v.

Harry GREENBERG, Dominic Mattia, Nick Pannarella, Ernest Pàul, Alfred Sireci, and Hirschel Weisbord, aka Hirschel Washbord, Alfred Sireci, Appellant.

No. 18021.

United States Court of Appeals Third Circuit.

Argued Dec. 1, 1969.

Decided Dec. 30, 1969.

Alfred J. DiBona, Jr., Philadelphia, for appellant.

Victor Wright, Asst. U. S. Atty., Philadelphia, Pa. (Louis C. Bechtle, U. S. Atty., on the brief), for appellee.

Before GANEY, SEITZ and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Appellant was one of six men indicted for aiding and abetting in the concealment of corporate assets in contemplation of a bankruptcy proceeding. Following a successful motion for a severance, appellant's counsel appeared before the district court on March 13, 1969, and requested that the trial be continued because of counsel's impending appointment to the state bench in Pennsylvania. On counsel's advice that his associate could assume the defense within "a month to six weeks," the court continued the case to May 5, 1969.

On the day set for trial, the associate appeared and requested a second continuance. After extended argument the motion was denied and the case proceeded to trial and conviction by a jury three days later. Appellant contends that he was denied due process by the refusal of a second continuance. We disagree.

The Supreme Court has clearly stated that "the matter of continuance is traditionally within the discretion of the trial judge," and that "a denial of a continuance * * * so arbitrary as to violate due process * * * must be found in the circumstances present in every case." Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed. 2d 921 (1963). We have carefully examined the circumstances present here and have concluded that, having afforded counsel ample opportunity to prepare the defense, the district court acted properly in refusing another delay. As was noted in United States ex rel. Carey v. Rundle, 409 F.2d 1210 (3 Cir. 1969): "What is demanded here is the exercise of judicial discretion in the exquisite sense." We detect no abuse of that discretion here.

Appellant also asserts error in the introduction of the testimony of the witness Scolnick who was then under state indictment for subornation of perjury. It is appellant's position that Pennsylvania law, 18 P.S. § 4322, renders a perjurer incompetent to testify in judicial proceedings and therefore required the exclusion of Scolnick's testimony. The argument, however, ignores the obvious fact that Section 4322 applies only to those convicted of perjury or subornation. The witness Scolnick had been indicted, but not convicted. Moreover, the argument assumes the application of state evidentiary rules to federal proceedings. See United States v. Margolis, 138 F.2d 1002 (3 Cir. 1943).

There is equally little merit to the allegation that the trial court erred in limiting the cross-examination of Scolnick. The scope of cross-examination is also within the sound discretion of the district court, United States v. Migliorino, 238 F.2d 7 (3 Cir. 1956), and the record here indicates that the court limited cross-examination only after it had become overly repetitious.

The same may be said of the admission of appellant's prior felony conviction. It is well settled that such a conviction is relevant evidence of the defendant's credibility when he takes the stand in his own defense. And where a claim of prejudice is raised against the introduction of such evidence on the grounds that the conviction lacks probative value because of its remoteness, it is the trial judge who must exercise his discretion in deciding the issue. We conclude that no abuse occurred here. United States v. Palumbo, 401 F.2d 270 (2 Cir. 1968); Gordon v. United States, 127 U.S.App.D.C. 343, 383 F.2d 936 (1967).

We have also reviewed the question of the appellant's motion for the withdrawal of a juror and have concluded that the testimony which prompted it was directly elicited by the defense. Absent a finding of "plain error," which is not evident here, the defense will not be heard to complain of matters which result from its own conduct. United States v. Fioravanti, 412 F.2d 407 (3 Cir. 1969).

The judgment of conviction will be affirmed.