**UNITED STATES of America**

v.

**Stanley J. POLACK, Appellant.**

**No. 18424.**

United States Court of Appeals,
Third Circuit.

Argued Oct. 8, 1970.

Decided April 5, 1971.

Certiorari Denied June 21, 1971.
See 91 S.Ct. 2253.

Nicholas Martini, Passaic, N. J. (Sam Weiss, Newark, N. J., on the brief), for appellant.

Stephen M. Greenberg, Asst. U. S. Atty., Newark, N. J. (Frederick B. Lacey, U. S. Atty., Newark, N. J., on the brief), for appellee.

Before KALODNER, STALEY and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

STALEY, Circuit Judge.

Appellant, a county court judge for Passaic County, New Jersey, was convicted of willfully failing to file Federal Income Tax returns for the years 1962, 1963, 1964, 1965, and 1966, in violation of Title 26 U.S.C. § 7203.[1] This appeal followed.

Appellant contends that he suffered ineradicable prejudice and a miscarriage of justice as a result of comments made in the Government's summation, which emphasized that he was a county judge. Appellant further contends that the district court committed plain error in permitting irrelevant and prejudicial questions of appellant's character witnesses on cross-examination and that the court erred in its charge to the jury on the element of willfulness.

■■ Appellant's argument concerning the comments made during the Government's summation is without merit. We note at the outset that appellant did not raise timely objection to the summation. This standing alone, except in

---

1. The statute provides that "any person * * * required by this title * * * to make a return * * * who willfully fails to * * * make such return * * * shall * * * be guilty of a misdemeanor * * *."

case of flagrant abuse not present here, will bar him from raising this point on appeal. United States v. Socony Vacuum Oil Co., 310 U.S. 150, 238–239, 60 S. Ct. 811, 84 L.Ed. 1129 (1940); United States v. Murphy, 374 F.2d 651, 655 (C. A. 2), cert. denied, 389 U.S. 836, 88 S. Ct. 47, 19 L.Ed.2d 98 (1967). Even assuming that objections had been timely raised, we fail to see how references to the appellant's judicial position can be said to be prejudicial and inflammatory. The Government, for instance, referred to the appellant as "the man who donned the black robe," "the lawgiver," and "a dispenser of justice." These references were not part of a persistent and calculated attack on the character of the defendant. This court has stated in United States v. Sober, 281 F.2d 244, 250 (C.A. 3), cert. denied, 364 U.S. 879, 81 S.Ct. 167, 5 L.Ed.2d 101 (1960), "Every defendant is of course jealously protected against inflammable statements, against prejudicial statements not based upon the evidence or fair and reasonable deductions from it * * *." Statements of this nature, however, are not present in the instant case. Appellant raised at trial the fact that he was a judge, that he heard civil and criminal matters, and that he had a reputation for honesty in the community. We cannot agree that the Government's reference to facts raised by appellant during the course of trial are improper and constitute reversible error. "To say that this remark would have a prejudicial effect on a jury which had listened throughout a long trial to the unfolding of the testimony is to attribute a stupidity and absence of common sense which is incredible in a federal jury." United States v. Kravitz, 281 F.2d 581, 586 (C. A. 3, 1960), cert. denied, 364 U.S. 941, 81 S.Ct. 459, 5 L.Ed.2d 372 (1961).

Appellant next contends that the district court erred in permitting cross-examination of his character witnesses on matters that were irrelevant. He specifically takes issue with questions such as whether one witness, a lawyer, was shocked by the news that a local judge had failed to file returns and whether this news was a blow to and shocked the witness and other lawyers; whether another witness believed that a judge's conduct should be free from impropriety, from the appearance of impropriety, and from infractions of the law; and whether the latter witness, a former State senator, would have moved for confirmation of the appointment of appellant as a judge, putting him on the bench "with a black robe around his shoulders, sitting in judgment in criminal cases," "returning that kind of a man to the bench." It is a fundamental principle of law that the scope of the Government's cross-examination of defense character witnesses is determined by the trial court as a matter of discretion and the ruling of the trial court will be disturbed only "on clear showing of prejudicial abuse of discretion." Michelson v. United States, 335 U.S. 469, 480, 69 S.Ct. 213, 221, 93 L.Ed. 168 (1948). We do not find an abuse of discretion in the instant case. Defendant had voluntarily put his reputation in issue and had thus made it a proper area for cross-examination, Michelson v. United States, supra. The Government's cross-examination of these character witnesses went to their knowledge of the appellant's reputation and to the witnesses' standard of good repute. The facts upon which these witnesses were cross-examined were relevant to issues raised by the appellant.[2]

Appellant further contends that the district court erred in its charge to the jury on the element of willfulness. The instructions given adequately stated the law governing the element of willfulness and were in accord with this court's

2. An examination of the record shows that the Government's cross-examination of appellant's character witnesses was a proper inquiry into testimony voluntarily elicited from the witnesses on direct examination. Three of these witnesses either voluntarily or in response to questions by appellant's counsel offered testimony upon which the Government had a right to cross examine.

holding in United States v. Vitiello, 363 F.2d 240 (C.A. 3, 1966), and United States v. Palermo, 259 F.2d 872 (C.A. 3, 1958). Even assuming arguendo that the instructions as given were incorrect, no objection was made to them by appellant as required by Rule 51, F.R.Civ.P., 28 U.S.C.[3] Rule 51 thus precludes him from raising this objection for the first time on appeal. We cannot say that the charge was so fundamentally unfair as to have resulted in a gross miscarriage of justice. United States v. Atkinson, 297 U.S. 157, 56 S.Ct. 391, 80 L.Ed. 555 (1936); McNello v. John B. Kelly, Inc., 283 F.2d 96 (C.A. 3, 1960).

We have carefully considered all of appellant's other arguments and find them to be without merit. The judgment of the district court will be affirmed.

3. The district court twice instructed the jury on the element of willfulness; once in its intial charge, and again in a supplemental charge given in response to a question by the jury. Following each of these instructions, appellant's trial counsel specifically did not take exception to the instruction given by the court.