UNITED STATES of America

v.

Karen Jean RICKEY a/k/a Helen G. Gray et al.

Appeal of Anthony CIOTTI, a/k/a Cy Ciotti.

No. 71–1034.

United States Court of Appeals, Third Circuit.

Argued Nov. 12, 1971.

Decided March 29, 1972.

Rehearing Denied April 21, 1972.

George W. Schroeck, Erie, Pa., for appellant.

Henry G. Barr and James A. Villanova, Asst. U. S. Attys., Pittsburgh, Pa., for appelleee.

Before VAN DUSEN and JAMES ROSEN, Circuit Judges and BECKER, District Judge.

## OPINION OF THE COURT

JAMES ROSEN, Circuit Judge.

Appellant, Anthony Ciotti, and defendants John Fasenmyer, Karen Jean Rickey, Nick Filia, and Joanne McGraw were jointly indicted on November 7, 1969 for aiding and abetting in the interstate transportation of forged travellers checks, in violation of 18 U.S.C. § 2314 and 18 U.S.C. § 2. Ciotti, Fasenmyer and Rickey were charged under the first fifteen counts of the indictment; Filia and McGraw were charged under a sixteenth count.[1]

Rickey and McGraw entered pleas of guilty and then testified as government witnesses at the trial of Ciotti, Fasenmyer, and Filia. As a result of that trial, Filia was acquitted and Ciotti and Fasenmyer were convicted on fourteen counts.[2] The convicted defendants made motions for acquittals, new trials, and arrests of judgment. The applications were denied and both defendants were sentenced to three years imprisonment.[3] Only Ciotti takes this appeal.

Five grounds for reversal are now advanced. Ciotti contends that the judge erred in (1) permitting joinder of Filia under F.R.Crim.P. 8(b), (2) not severing Fasenmyer's trial from Ciotti's, (3) denying a mistrial motion, (4) charging the jury and making trial rulings regarding two government witnesses, and (5) in denying his motion for a new trial.

### I

The appellant initially urges us to overturn his conviction because of an alleged misjoinder with co-defendant Filia, in violation of F.R.Crim.P., Rule 8 (b).[4] We reject this argument because the joinder was proper.

Rule 8(b) permits an indictment to join defendants who "are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Since Ciotti and Filia were not jointly indicted on any count, they were not alleged to have participated in the "same act or transaction." However, as the district court correctly determined, they both allegedly participated in the "same series of acts or transactions." All of the forged travellers checks covered by the joint indictment had been stolen during the weekend of July 12, 1968 from the Montgomery Ward store in Mansfield, Ohio. The alleged individual acts of Ciotti and Fi-

---

1. Carl Cacoma had been named as a defendant in an earlier version of the indictment, which was amended after Cacoma pleaded guilty in October, 1969.

2. One count of the indictment was dismissed on motion of the United States at the conclusion of the trial.

3. Fasenmyer was given the right to parole under 18 U.S.C. 4208(a) (2); Ciotti was not.

4. Rule 8(b) provides:

   *Joinder of Defendants.* Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

lia in forging and cashing the checks constituted one "series of acts or transactions."

## II

Ciotti next claims that the trial judge's denial of his severance motion was so prejudicial that it requires reversal. We disagree. Ciotti's pretrial application for a severance from Filia and Fasenmyer alleged that a joint trial might be prejudicial. He now claims that the prejudice actually materialized at trial through (1) the testimony of co-defendant McGraw and (2) that of F.B.I. Agent Stephen.

██ Joanne McGraw testified that during a trip to Erie, Ohio with Carl Cacoma, she overheard a conversation between Ciotti and Cacoma: "Mr. Ciotti stated to Mr. Cacoma that he had just arrived back and that everything was settled. That was all I heard." Ciotti objected to the testimony and the judge "ordered it stricken," because it was "meaningless as far as the indictment" was concerned. Later in his charge the judge told the jury that "a defendant is never to be convicted upon mere suspicion or conjecture." The trial judge's actions cured any possible prejudice.

██ Ciotti next alleges that he was deprived of his right of confrontation of witnesses and a fair trial because of the denial of the severance. Once again, we disagree. Fasenmyer did not testify in his own behalf and the government sought to introduce into evidence an extensive inculpatory written statement Fasenmyer had made to F.B.I. Agent Stephen. On Ciotti's motion, the trial judge held an *in camera* evidentiary hearing, carefully scrutinized the statement, Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and excluded it because it implicated co-defendant Ciotti. The judge did conclude, however, that Stephen

would be allowed to testify as to Fasenmyer's admissions of his own conduct.

██ The government proceeded to make an offer on several specific questions it planned to ask the F.B.I. agent concerning the admissions by Fasenmyer. One of these was, "Did he [Fasenmyer] state what kind of an automobile was used during the check-passing activities? [Anticipated answer] That was a dark blue Oldsmobile." Ciotti, who according to Rickey's earlier testimony owned a dark blue Oldsmobile, did not object to the question and answer. The lack of objection, moreover, was not inadvertent. Ciotti's counsel explicitly said, "I can't object to that." When the agent was finally asked the question in the presence of the jury, Ciotti once again made no objection. Neither did he request a limiting instruction. On appeal, Ciotti now argues that the question concerning the Oldsmobile violated *Bruton*. This claim is made too late. United States v. Archie et al., 452 F.2d 897, United States v. Grasso, 437 F.2d 317 (3d Cir.1970) cert. denied 403 U.S. 920, 91 S.Ct. 2236, 29 L.Ed.2d 698 (1971), United States v. Carter, 401 F.2d 748 (3d Cir.1968) cert. denied 393 U.S. 1103, 89 S.Ct. 905, 21 L.Ed.2d 797 (1969),[5] F.R.Crim.P.Rule 30.

██ It is well established that the denial or granting of a severance under F.R.Crim.P.Rule 14 is a matter peculiarly within a trial court's discretion. Reversal is appropriate only if abuse of that discretion can be shown. United States v. Weber, 437 F.2d 327, 332 (3d Cir. 1970), cert. denied 402 U.S. 932, 91 S.Ct. 1524, 28 L.Ed.2d 867 (1971). Since Ciotti was not prejudiced by the trial court's denial of the severance motion, there was no abuse of discretion present in this case.

## III

██ The appellant claims that the trial judge committed error when he de-

---

5. "Allegations of error not properly raised in the trial court cannot be considered on appeal." *Carter*, p. 750. There are no extraordinary circumstances here calling for the invocation of the "plain error" rule, Rule 52(b).

nied Ciotti's motion for a mistrial based on the prosecutor's closing remarks. He first argues that Ciotti was prejudiced by the government's assertion that the defendants lived by a "different code" of behavior. For the reasons set forth in the District Court opinion we find this claim to be without merit.[6]

■ Ciotti also contends that the prosecution characterized him as the director of the check cashing scheme even though there was no evidence supporting this characterization. A fair reading of the record, however, discloses evidence that Ciotti was the "brains" of the operation.[7] This claim is, consequently devoid of merit.

## IV

Ciotti next argues that the judge erred in his trial rulings and his charge regarding government witnesses Cacoma and Rickey.

■ Appellant advances the argument that the trial judge erred in charging the jury that it could consider government witness Cacoma's criminal record in assessing his credibility. Allegedly, this charge emphasized Cacoma's lack of credibility to the detriment of Ciotti. This argument is totally frivolous. The appellant does not make the slightest effort to show how he was prejudiced by this charge and our own examination of the record convinces us that the judge's reference to the criminal record of Cacoma did not harm Ciotti.

■ Appellant also complains that he was prejudiced by the prosecution's remark in its summation that Cacoma, though a government witness, was uncooperative, motivated by a desire to exonerate his friends, and was not to be totally believed. Under the circumstances of this case, there was nothing improper in the summation. When he was being examined by the government, Cacoma was · a balky witness and the court had to inform him that his refusal to answer questions could result in his being held in contempt. Furthermore, in his instructions, the judge told the jury that they were the sole judges of credibility. If Ciotti wanted a more specific instruction, it was his duty to request the court for a limiting instruction. His failure to do so bars him from raising this issue on appeal. F.R. Crim.P., Rule 30, United States v. Archie, et al., *supra*, United States v. Chicarelli, 445 F.2d 1111, 1115 (3d Cir.1971).

■ Next in Ciotti's catalog of alleged errors is that the trial judge unduly restricted his cross-examination of Karen Jean Rickey. This supposedly

---

6. "Defendants complain of the prosecution's closing address in which the jury were told that defendants were part of a group that operated under a different moral code from that with which the jury was familiar. There was no further attempt to identify any particular group. The complaining defendants and those witnesses who had previously entered pleas of guilty could properly be identified as a group or society operating under a different moral code from all of the evidence of their extensive and continuing occupation with the check cashing scheme incidents . . . which were covered by the various counts of the indictment. There were defendants of various nationality backgrounds but any allegation that the prosecution was attempting to draw an inference unfavorable to an[y] particular nationality group is dispelled by the jury's finding that Ciotti and Fasen-

myer were guilty but that Filia was not guilty."

7. During cross-examination by Fasenmyer's lawyer, Mrs. Rickey was asked who was the coordinator of the check cashing scheme. (Tr. p. 277–8) Shortly afterwards Ciotti's lawyer pressed Mrs. Rickey to explain her statements:
   Q. Do you recall Mr. Marsh [Fasenmyer's lawyer] asking you whether or not Carl Cacoma was the brains?
   A. Yes.
   Q. Is my recollection correct that you told Mr. Marsh that you don't know who the brains was?
   A. I said I didn't remember saying that Carl was the brains, and I expressed an opinion that I felt that Cy [Ciotti] was because he was the one that got angry at Carl and he was the one that went to talk to Carl. (Tr. p. 293.)

**1032**

prejudiced Ciotti because it prevented him from impeaching her testimony against him. This claim is without substance. After the trial judge exercised his discretion and curtailed the cross-examination as to the number of counts she was indicted for, he specifically told Ciotti's counsel that he "may inquire as to any motive or bias in her testimony." Over the objection of the government, he was given a full opportunity to examine the circumstances under which Rickey pleaded guilty. Ciotti was not in any way prejudiced by the judge's ruling. Consequently, the judge did not abuse the discretion invested in him to control the permissible latitude of cross-examination. United States v. Greenberg, 419 F.2d 808 (3d Cir.1969), United States v. Casavina, 368 F.2d 987 (3d Cir.1966) cert. denied 385 U.S. 1006, 87 S.Ct. 711, 17 L.Ed.2d 544 (1967), United States v. Migliorino, 238 F.2d 7 (3d Cir.1956), Cf. United States v. Polack, 442 F.2d 446 (3d Cir.1970).

Similarly, there is no merit to appellant's contention that he was prejudiced by the court's statement in its charge to the jury that government witness Rickey had pleaded guilty and was awaiting sentence. The submission of this fact to the jury was not challenged at trial. See F.R.Crim.P.Rule 30. It is well established that a federal judge is entitled to comment on the evidence and the credibility of the witnesses as long as he makes clear, as Judge Weber did here, that the jurors are the "sole judges of the evidence" and of the credibility of the witnesses. United States ex rel. Brown v. Russell, 455 F.2d 464 (3d Cir. Filed February 10, 1972), United States v. Gaines, 450 F.2d 186, 189 (3d Cir.1971), United States v. Stayback, 212 F.2d 313 (3d Cir.1954) cert. denied 348 U.S. 911, 75 S.Ct. 289, 99 L.Ed. 714 (1955).

V

In his final argument, appellant contends that he should have been granted a new trial because there was insufficient evidence against him to support the conviction. This claim fails for two reasons. First, Ciotti did not challenge the sufficiency of the evidence below, so that matter was not before the trial court on the motion for a new trial. His untimeliness bars him from raising this claim now. F.R.Crim.P.Rule 33. Second, even had he raised it in a timely manner, it would still fail. A careful examination shows that the record justifies the jury's verdict of guilty.

The convictions will be affirmed.