**UNITED STATES of America**

v.

**George J. HYKEL, Appellant.**

**No. 72–1298.**

United States Court of Appeals, Third Circuit.

Submitted June 19, 1972 Under Third Circuit Rule 12(6).

Decided June 29, 1972.

---

F. Emmett Fitzpatrick, Jr., Philadelphia, Pa., for appellant.

Carl J. Melone, U. S. Atty., Philadelphia, Pa., for appellee.

Before ALDISERT, JAMES ROSEN and HUNTER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellant George J. Hykel was charged with jury tampering, in violation of 18 U.S.C. § 1503, and after a four-day trial the jury returned a verdict of guilty. Appellant contends that certain errors during the trial require reversal.

■ 1. *The Trial Judge's Remarks.* During the course of the trial the District Court made certain remarks that appellant now characterizes as "unjustified and intemperate." Since those remarks were made out of the presence of the jury, however, we cannot agree that appellant suffered prejudice. United States v. Hohensee, 243 F.2d 367, 372 (3d Cir.), cert. denied, 353 U.S. 976, 77 S.Ct. 1058, 1 L.Ed.2d 1136 (1957); United States v. Capaldo, 402 F.2d 821, 825 (2d Cir. 1968), cert. denied, 394 U. S. 989, 89 S.Ct. 1476, 22 L.Ed.2d 764 (1969). Appellant's argument that spectators in the courtroom may have informed the jury of the judge's remarks appears to be a speculative afterthought, since the point was not mentioned at trial and, in fact, no objection was made to two of the three remarks now argued to have been prejudicial. *See* United States v. Carter, 401 F.2d 748 (3d Cir. 1968), cert. denied, 393 U.S. 1103, 89 S.Ct. 905, 21 L.Ed.2d 797 (1969); United States v. Polack, 442 F. 2d 446 (3d Cir.), cert. denied, 403 U.S. 931, 91 S.Ct. 2253, 29 L.Ed.2d 710 (1971).

■ 2. *Introduction of the Prior Indictment.* The jury-tampering for which appellant was charged allegedly took place during the trial of United States v. Hykel, Criminal No. 70–104.[1] On the first day of the trial in the present case, the Government marked for identification the Bill of Indictment in the earlier case. Appellant argues that this marking for identification was prejudicial error since it showed that appellant had been charged with a criminal offense. Our review of the transcript shows, however, that the indictment in the earlier criminal cases was never admitted into evidence and thus it could have caused appellant no prejudice.

The fact that appellant had been charged with a prior criminal offense

1. *See* United States v. Hykel, 461 F.2d 721 (3d Cir., 1972).

did come to the attention of the jury, however, in the opening statement of the United States Attorney. (N.T. 3). We do not agree with appellant that his trial was thereby prejudiced. It would have been impossible to try this case without bringing to the jury's attention the fact that the earlier trial had been a criminal trial. Our review of the transcript shows that the U.S. Attorney placed no undue emphasis on the fact that it had been at appellant's criminal trial that he was alleged to have engaged in jury-tampering. Under the circumstances we cannot agree that error was committed.

3. *Limitations of Cross-Examination.* Appellant contends that cross-examination of three prosecution witnesses was erroneously restricted. We have reviewed the transcript and have found no error.

██ The questions asked of the witness Fitzmaurice were clearly beyond the scope of his direct examination, and the District Court therefore declined to permit them. (N.T. 45). That ruling was correct. United States v. Stubin, 446 F.2d 457, 464 (3d Cir. 1971); 2 C. Wright, Federal Practice and Procedure § 416, at 184 (1969).

The witness Hall was cross-examined on the basis of a memorandum prepared by F.B.I. agents after they had interviewed Hall. Since the memorandum was one prepared by the agents rather than a signed statement by the witness, the trial judge cautioned defense counsel to ask the witness whether or not he had made a certain statement before questioning him further about the statement. (N.T. 175). Defense counsel followed the proper form of question, the witness answered identifying the statement as his own, and cross-examination continued. (N.T. 176). The transcript does not support appellant's assertion that the trial court refused to allow cross-examination on the basis of the F.B.I. memorandum.

██ The witness Gadsden was also cross-examined on the basis of an F.B.I. memorandum, and the trial judge again

cautioned the defense counsel on the proper use of the memorandum. (N.T. 191–2). The transcript indicates that defense counsel understood that the court's objection was only to the form of his questions, and not, as is argued here, to the use of the memorandum. There was clearly no error.

The judgment of conviction will be affirmed.