**UNITED STATES of America**
**v.**
**Peter ALBOWITZ et al.**
**Crim. No. 74–258.**

United States District Court,
E. D. Pennsylvania.

June 28, 1974.

554

Robert E. J. Curran, U. S. Atty., Alan M. Lieberman, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Daniel J. DiGiacomo, Philadelphia, Pa., for Muriella.

Joseph C. Santaguida, Philadelphia, Pa., for Watson.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

This case is presently before the Court on the respective motions of defendants Nicholas Muriella and Larry A. Watson to dismiss the indictment on the grounds that a Federal prosecution would place the defendants in double jeopardy for the same acts. Muriella has also filed a motion for relief from prejudicial joinder. For reasons hereinafter stated, the motions will be denied.

The above-named defendants are charged in a 19-count indictment with mail fraud and conspiracy, in violation of 18 U.S.C. § 1341. Defendants Watson and Muriella claim that they were indicted by the Commonwealth of Pennsylvania on charges of theft by deception, fraud, conspiracy and forgery and that the state indictment arose from the identical facts upon which the Federal prosecution is now based. The movants contend that their acquittal of all charges in the State Court bars a subsequent Federal prosecution. The Government, while not conceding that the factual underpinning of the Federal indictment is identical to that which gave rise to the state prosecution, submits that even if the Commonwealth of Pennsylvania prosecuted the defendants upon identical facts, the prior state prosecution does not bar a subsequent Federal prosecution.

The United States Supreme Court has declared repeatedly that successive state and Federal prosecutions do not violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. See, Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L. Ed.2d 684 (1959); Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3

L.Ed.2d 729 (1959); United States v. Lanza, 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314 (1922). The fact that the defendants have been prosecuted in the State Courts and acquitted of the charges brought therein does not bar the instant Federal prosecution. The Federal and state governments constitute separate and distinct sovereignties and each may constitutionally prosecute those who offend the laws of the respective sovereigns. United States v. Jackson, 470 F.2d 684 (5th Cir. 1972), cert. denied 412 U.S. 951, 93 S.Ct. 3019, 37 L.Ed.2d 1004 (1972).

█ Defendant Muriella's motion for relief from prejudicial joinder will also be denied. The Government alleges a conspiracy among all of the named defendants to defraud by use of the mails. Muriella is individually charged in three counts of the indictment with the commission of substantive crimes in furtherance of the scheme to defraud and conspiracy. Furthermore, the Government avers that the substantive offenses listed in the indictment constitute related parts of a common criminal scheme, in which Muriella and the other defendants actively participated. In light of the conspiracy charge and the alleged integration of the substantive crimes, the offenses and defendants were properly joined under Fed.R.Crim.P. 8(a) and (b).

██ As the Government correctly points out, once the defendants and offenses are joined pursuant to Rule 8, a motion to sever is properly addressed to the sound discretion of the trial judge. United States v. Archie, 452 F.2d 897 (3rd Cir. 1971); United States v. De LaRosa, 450 F.2d 1057 (3rd Cir. 1971). Considerations of judicial economy and the failure of Muriella to demonstrate any potential prejudice resulting from the joinder of offenses, together with the charge of a common criminal scheme, mandate the denial of the defendant's motion for severance.