UNITED STATES of America

v.

OXFORD ROYAL MUSHROOM PRODUCTS, INC.; Alfred E. Fortugno; Thomas E. Bell, Jr.

Crim. A. No. 79–211.

United States District Court, E. D. Pennsylvania.

Feb. 4, 1980.

Peter F. Vaira, U. S. Atty., Bruce J. Chasan, Asst. U. S. Atty., Philadelphia, Pa., Michael P. Carlton, U. S. Atty., Dept. of Justice, Washington, D. C., for plaintiff.

Richard R. Galli, Philadelphia, Pa., for Oxford Royal Mushroom Products, Inc.

J. Clayton Undercofler, Philadelphia, Pa., for Alfred E. Fortugno.

Thomas A. Bergstrom, Philadelphia, Pa., for Thomas E. Bell, Jr.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

All defendants have filed motions to suppress, omnibus motions to dismiss, motions to dismiss for multiplicity, motions to dismiss for duplicity, and motions for a bill of particulars. Defendant Bell has also filed a motion to sever. Defendants Oxford Royal Mushroom Products, Inc. and Fortugno have also filed motions to dismiss for violation of Fed.R.Crim.P. 6(d). An evidentiary hearing on all of these motions was held on January 14, 15 and 17, 1980, and oral argument was held on January 17, 1980. I stated findings of fact in open court on January 17, 1980, which I hereby incorporate and make applicable to all motions. I now make the following rulings based upon the hearing, oral arguments, and the memoranda submitted by counsel.

1. *Motion to Suppress—all defendants*

Pursuant to the findings of fact and conclusions of law stated in open court on January 17, 1980, the motions to suppress must be denied.

2. *Omnibus Motion to Dismiss—all defendants*

I incorporate the findings of fact and conclusions of law stated in open court on January 17, 1980, and add the following:

■ Concerning defendants' argument that the discharge from Oxford Royal Mushroom Products, Inc.'s (Oxford) waste water treatment system is not discharge from a "point source" as defined by 33 U.S.C. § 1362(14), I note that this is a factual question. The law is clear; uncollected surface runoff may, but does not necessarily, constitute discharge from a point source. In *Appalachian Power Co. v. Train*, 545 F.2d 1351, 1373 (4th Cir. 1976), the court held that the pollutant did not originate from a point source. The discharge in *Appalachian Power* was caused by rain falling upon a storage pile of coal and then running off into surface water. However, uncollected surface runoff was held to constitute discharge from a point source in *United States v. Earth Sciences, Inc.*, 599 F.2d 368, 374 (10th Cir. 1979). In *Earth Sciences*, the source of the discharge "consist[ed] of several open excavations lined with plastic membrane, the processing trailer and pumps, all designed to be a closed system without any pollutant discharge." *Id.* at 370. The discharge in question resulted from an overflow of that system caused by the inadvertent introduction of more water into the system than it was designed to hold. *Id.* The facts of the case at bar are closer to those in *Earth Sciences* than those in *Appalachian Power*. Oxford has a spray irrigation system, designed to spray waste water onto fields in quantities small enough to be absorbed by those fields; none of the discharge should run off into surface water. The discharges forming the basis of the indictment resulted from spraying an overabundance of waste water onto the surface of the irrigation fields, which in turn ran off into a nearby stream through a break in the berm around those fields. Thus I cannot conclude that these discharges are nonpoint source discharges as a matter of law. *See United States v. Earth Sciences, Inc., supra.*

■ Defendants argue also that the indictment should be dismissed because the water into which the discharge flowed is not navigable in fact. While I have found that the stream in question is not navigable in fact, I decline to adopt defendants' position that the term "navigable waters of the United States", as used in the Clean Water

Act (the Act), should be read to require navigability in fact. Despite defendants' argument that the word "navigable" would not have been included in the Act if navigability were not required for federal jurisdiction, I note that the legislative history makes it clear that the term should "be given the broadest possible constitutional interpretation . . . " Sen.Rep.No.92–1236, 92d Cong., 2d Sess., *reprinted in* (1972) U.S.Code Cong. & Admin.News, pp. 3776, 3822. Additionally, the precedents unanimously reject defendants' position. *See, e. g., United States v. Ashland Oil & Transp. Co.*, 504 F.2d 1317 (6th Cir. 1974); *United States v. Phelps Dodge Corp.*, 391 F.Supp. 1181 (D.Ariz.1975); *Natural Resources Defense Council, Inc. v. Callaway*, 392 F.Supp. 685 (D.D.C.1975). Defendants also argue that the terms "navigable waters" and "waters of the United States" are void for vagueness. I reject this position because the precedents are contra; the Act and these terms have been upheld as constitutional. *United States v. Ashland Oil & Transp. Co., supra* at 1325–29; *Leslie Salt Co. v. Froehlke*, 403 F.Supp. 1292 (N.D.Cal. 1974), *aff'd* 578 F.2d 742, 754–56 (9th Cir. 1978).

■ Defendants argue, without supporting the arguments in any way, that a number of the other terms of the Act are void for vagueness as well. I disagree. A statute is unconstitutionally vague only if it fails to afford persons of ordinary intelligence fair notice of what conduct is forbidden. *United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 811, 98 L.Ed. 989 (1954). The constitution does not require the most precise language possible. *United States v. Powell*, 423 U.S. 87, 94, 96 S.Ct. 316, 320, 46 L.Ed.2d 228 (1975). Each of the challenged terms is defined in Section 502 of the Clean Water Act, 33 U.S.C. § 1362. Thus the statute gives adequate notice that the addition of any pollutant from any discrete container or conveyance to a water of the United States is a prohibited act. I also reject the argument that the terms "willfully" and "negligently" are unconstitutionally vague; they have withstood constitutional muster too often to require reexamination

of that challenge. Viewing the vagueness challenge in light of the facts of this case, as I must in a non-First Amendment case, *United States v. Mazurie*, 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975), the terms of the statute are clear to a person of average intelligence, and thus cannot be considered unconstitutionally vague.

■ Finally, I emphasize that I reject defendants' argument that the government's criminal prosecution of defendants without referral to the EPA Administrator violates fundamental fairness because I could find no such violation under the facts of this case. Defendants note that the Act was designed to afford the EPA wide discretion to determine the appropriate means by which to abate water pollution, among which methods are non-criminal sanctions and informal procedures. They argue that the U.S. Attorney's circumvention of this scheme and investigation of the mushroom industry discharges with the aim *ab initio* of prosecuting criminally violates fundamental fairness, and thus defendants' substantive due process rights. Defendants concede, as they must, that the U.S. Attorney has the authority to prosecute without referral to the EPA. *See, e. g.*, Department of Justice Appropriation Authorization Act, Fiscal Year 1980, P.L. 96–132 § 12, 93 Stat. 1040, 1048 (Nov. 30, 1979). I recognize, however, that the government's exercise of that authority is not necessarily proper simply because it has been authorized; statutes must always be interpreted in light of the dictates of the Constitution, among which is the right to substantive due process. For this reason I afforded the defendants the opportunity to establish support for their contention on the record. Having considered all of the evidence presented at the hearing, however, I am convinced that the investigation and prosecution here in question did not violate the defendants' substantive due process rights. Mr. Mitkus, the Director of the Surveillance and Analysis Division of the Environmental Protection Agency for Region Three, testified that he was involved in the instant investigation, and indeed the entire investi-

gation of the Chester County mushroom industry, from the start. Through his division, the EPA contributed manpower and technical support throughout the investigation. Furthermore, Mr. Schramm, the Regional Administrator of the EPA for Region Three, testified that he was informed at a weekly staff meeting that the Surveillance and Analysis Division was assisting the Department of Justice in this matter, and determined to allow that assistance to continue. While it is generally the Director of the Enforcement Division, and not Mr. Mitkus or Mr. Schramm, who makes enforcement decisions for Region Three, the mere fact that the enforcement decision was made by the U.S. Attorney in this case does not render the decision constitutionally defective. In light of the support that the EPA provided and the concurrence in the enforcement decision which that support evinces, I am unable to conclude from the record before me that the EPA would have pursued a different course had the matter been referred to the Enforcement Division initially, or even that it considered the proceedings chosen to be improper. Nor was I shown that the EPA's discretion was deliberately bypassed to assure that these defendants or other members of the Chester County mushroom industry would be subject to criminal prosecution. Because of this lack of record support of improper motives on the part of the U.S. Attorney, I cannot conclude that his decision to proceed with a criminal prosecution was fundamentally unfair. Thus I must conclude that the procedures by which the instant criminal proceedings were initiated did not violate the substantive due process rights of defendants.

For all of these reasons, defendants' omnibus motion to dismiss must be denied.

### 3. Motion to Dismiss for Multiplicity—all defendants

■ All defendants have moved for dismissal of counts 3 to 28 of the indictment on the ground that they are multiplicious. They argue that the discharges charged in counts 3 to 28 are really continuations of the discharge charged in count 2, and thus are not punishable as separate offenses. In order to determine whether an indictment is multiplicious, "[t]he test is whether the individual acts are prohibited, or the course of action which they constitute. If the former, then each act is punishable separately . . . If the latter, there can be but one penalty." *Blockburger v. United States*, 284 U.S. 299, 302, 52 S.Ct. 180, 181, 76 L.Ed. 306 (1932), *quoting Wharton's Criminal Law*, 11th ed., § 34. The statute defendants are alleged to have violated clearly sets a penalty for each *day* of unlawful discharge. 33 U.S.C. § 1319(c). This shows that each individual act, discharging pollutants without a permit on a given day, is prohibited, and not merely the course of conduct of discharging pollutants without a permit over an extended period of time. The Fifth Circuit has stated that "to see whether separate offenses may be carved out of a separate incident, the offenses should be examined to see whether each requires proof of a fact that the other does not." *United States v. Chrane*, 529 F.2d 1236, 1238 (5th Cir. 1976). In the case at bar, each count requires proof of a fact that the others do not, namely proof that unlawful discharges occurred on the specific day charged. Finally, I note that the Third Circuit has held a multiple-count indictment to be nonmultiplicious under facts which are analogous to this case. *United States v. Addonizio*, 451 F.2d 49, 59–60 (3d Cir.), *cert. denied*, 405 U.S. 936, 92 S.Ct. 949, 30 L.Ed.2d 812 (1972).

For all of these reasons the motions of all defendants to dismiss due to multiplicity must be denied.

### 4. Motion to Dismiss for Duplicity—all defendants

The indictments in this case charge that the defendants willfully and negligently discharged pollutants on numerous occasions in violation of 33 U.S.C. § 1311(a). Each occasion forms the basis for a separate count of the indictments. Defendants contend that the indictments are duplicitous because they charge them with two sepa-

rate and distinct crimes in each count, *i. e.* negligent discharge and willful discharge. They argue that because negligence and willfulness require different *mens rea*, they are really separate offenses. They also state that the statute makes illegal negligent *or* willful discharge, while the indictments charge negligent *and* willful discharge. The government, on the other hand, contends that the terms "negligent" and "willful" merely connote different methods of committing but a single offense, *i. e.*, unlawful discharge of pollutants.

 The Third Circuit has defined duplicity as "the joining in a single count of two or more distinct and separate offenses." *United States v. Starks*, 515 F.2d 112, 116 (3d Cir. 1975). The Third Circuit has also specifically held that the *Starks* case "presents no difficulty" in a case where the indictment is framed in the conjunctive while the statute forming the basis of the indictment is worded in the disjunctive, stating that "it is settled law that where a statute denounces an offense disjunctively, the offense may be charged conjunctively in the indictment. Moreover, guilt may be established by proof of any one act named disjunctively in the statute." *United States v. Niederberger*, 580 F.2d 63, 67–68 (3d Cir.), *cert. denied*, 439 U.S. 980, 99 S.Ct. 567, 58 L.Ed.2d 651 (1978). I note also that the Ninth Circuit has provided an excellent outline of the concept of duplicity in *United States v. UCO Oil Co.*, 546 F.2d 833 (9th Cir. 1976). The *UCO Oil* court pointed to several factors to consider whether a count of the indictment is duplicitous. Among them are the language of the statute, the nature of the proscribed conduct itself, and the appropriateness of multiple punishment for the conduct charged. Based on an analysis of these facts, the counts of the present indictments cannot be seen as duplicitous. Each count of the indictments allege that the defendant named therein discharged pollutants illegally. The addition of the words "negligently" or "willfully" merely specifies the mode or method by which this proscribed conduct was accomplished, but does not charge a separate and distinct illegal act. This distinction is supported by the fact that 33 U.S.C. § 1319(c) provides a single penalty for both negligent and willful discharge, thus suggesting that the crimes are not separate and distinct. My colleague Judge Hannum reached the same conclusion when ruling on an identical motion in a case strikingly similar to this one. *United States v. Hudson Farms*, 12 E.R.C. 1444, 1446 (E.D.Pa.1978).

 Finally, I note that the *mens rea* required for negligent conduct and that required for willful conduct cannot be viewed as entirely distinct. It is well settled that intentional conduct may be imputed to a tortfeasor because of grossly negligent conduct. *See United States v. Schoenhut*, 576 F.2d 1010, 1024 (3d Cir.), *cert. denied*, 439 U.S. 964, 99 S.Ct. 450, 58 L.Ed.2d 421 (1978) and cases cited therein.

For all of these reasons the motions of all three defendants to dismiss the indictment or force the government to elect the particular offense as to each count of the indictment must be denied.

5. *Motion for Bill of Particulars—all defendants*

 Pursuant to defendants' motion for bill of particulars, the government filed a bill responding to a number of the matters raised. Defendants also seek particularization as to the acts allegedly done willfully and those allegedly done negligently. As I have stated above, the government cannot be required to make such an election. As to the rest of the matters, I note initially that decision on a motion for bill of particulars is committed to the sound discretion of the court. *Wong Tai v. United States*, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927); *United States v. Armocida*, 515 F.2d 49 (3d Cir. 1975). Furthermore, it is not designed as a vehicle for discovery. *United States v. Conway*, 415 F.2d 158 (3d Cir. 1969). Its only purpose is to inform the defendants of the charges against them to avoid surprise to the defendants and as protection against a subsequent prosecution in cases where the indictment is too vague or indefinite. *United States v. Addonizio, supra.*

858

With these principles in mind, it is evident that the defendants' motion is without merit under the circumstances presented here. First, although the indictment charges both willful and negligent conduct (the subject of another defense motion addressed above), the dates of the alleged offenses are specified. Furthermore, according to the government's response to this motion the defense has already been supplied with voluminous records which would specify, presumably, minute detail. The defendants have not controverted this statement.

In closing, the government is not required to "weave the information at its command into the warp of a fully integrated trial theory for the benefit of the defendants." *United States v. Addonizio, supra,* at 64.

For the foregoing reasons, the motion for a bill of particulars must be denied.

### 6. *Motion to Sever—Defendant Bell*

Defendant Thomas E. Bell, Jr. (Bell) has moved to sever count one, arguing that he will be prejudiced because he is not named in count one, and that evidence as to that count will be improperly considered by the jury in determining his guilt under the remaining counts. Count one charges the corporation and Fortugno only with discharging pollutants on May 17, 1978. All three defendants are charged in counts 2 to 28 with discharging pollutants on enumerated dates between March 9, 1979 and April 19, 1979. As Bell correctly points out, this question is governed by Fed.R.Crim.P. 8(b), which was found not to have been violated in a situation very similar to this one due to the "series of acts or transactions" language of the Rule. *United States v. Rickey,* 457 F.2d 1027 (3d Cir.), *cert. denied sub nom. Ciotti v. United States,* 409 U.S. 863, 93 S.Ct. 153, 34 L.Ed.2d 110 (1973). I note that the individual discharge alleged in count one is a part of the series of discharges alleged in the remainder of the counts. Furthermore, severance is unwarranted if the jury will be able to "compartmentalize" the evidence as to count one, and not consider it against Bell in determining his guilt as to the other counts. *United States v. Dansker,* 537 F.2d 40, 62 (3d Cir. 1976), *cert. denied,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). I believe limiting instructions will properly facilitate such compartmentalization. Furthermore, judicial economy will not be served by severance, and this is a proper consideration in evaluating the motion. *United States v. Albowitz,* 380 F.Supp. 553, 555 (E.D.Pa.1974) (Bechtle, J.). Finally, the government has represented that much of the evidence as to the other counts will predate the discharge date alleged in count one. Evidence which is admissible in two separate trials is another factor which militates against severance. *United States v. Krohn,* 573 F.2d 1382, 1389–90 (9th Cir.), *cert. denied sub nom. Hahn v. United States,* 436 U.S. 949, 98 S.Ct. 2857, 56 L.Ed.2d 792 (1978).

For these reasons defendant Thomas E. Bell, Jr.'s motion to sever must be denied.

### 7. *Motion to Dismiss for Violation of Fed.R.Crim.P. 6(d)—Defendants Oxford Royal Mushroom Products, Inc. and Fortugno*

Defendants Oxford Royal Mushroom Products, Inc. and Alfred E. Fortugno have moved for dismissal of the indictment on the ground that Assistant U.S. Attorney Chasan was an unauthorized person in the grand jury room in violation of Fed.R. Crim.P. 6(d) in that he acted as both a witness and the prosecutor. The same issue was raised in defendant's motion to disqualify Mr. Chasan as trial counsel. I conducted a thorough *in camera* inspection of the grand jury transcripts in order to determine whether defendants' contention had any basis in fact, and concluded that Mr. Chasan had done nothing improper or prejudicial. I hereby incorporate the findings of fact and conclusions of law made in open court on January 3, 1980 in regard to that motion into my ruling on the motion now before me. Also, I note that the Third Circuit has

recently held dismissal unwarranted in a case which is factually very similar to this one. *See United States v. Birdman,* 602 F.2d 547, 559–61 (3d Cir. 1979), *cert. denied,* —— U.S. ——, 100 S.Ct. 703, 62 L.Ed.2d 668 (1980). In *Birdman,* as here, the presentations of the United States Attorney to the grand jury did not amount to independent substantive evidence, nor were they in any way improper. *Id.*

For these reasons defendants Oxford Royal Mushroom Products, Inc. and Alfred E. Fortugno's motions to dismiss the indictment due to a violation of Fed.R.Crim.P. 6(d) must be denied.