GOVERNMENT OF the VIRGIN IS-
LANDS, IN the INTEREST OF: N.G.,
a Minor, the Minor, N.G., Appellant.

No. 00–3597.

United States Court of Appeals,
Third Circuit.

Argued Dec. 3, 2001.

March 28, 2002.

Treston E. Moore, (Argued) Charlotte Amalie, St. Thomas, USVI, for Appellant.

Joel H. Feld, (Argued) Office of Attorney General of Virgin Islands, Department of Justice, Charlotte Amalie, St. Thomas, USVI, for Appellee.

Before BECKER, Chief Judge,
NYGAARD and COWEN, Circuit Judges.

## MEMORANDUM OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellant, N.G., a minor, appeals the Order of the District Court of the Virgin Islands Appellate Division affirming the Territorial Court's Order transferring N.G. to the adult Criminal Division for further proceedings. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 48 U.S.C. § 1613. N.G. appeals, raising the issues listed below. We will affirm.

## I.   ISSUES

1.   Whether the Government violated N.G.'s Due Process rights, specifically:

A.   Whether the amending of § 2508 to lower the age of mandatory transfer from 16 to 14, after N.G. had celebrated his 14th birthday, was an ex post facto law.

B.   Whether the trial court conducted a full investigation and put its findings on the record.

C.   Whether the Government failed to properly secure, preserve, and maintain evidence within its exclusive possession that might be required for the transfer hearing and to prepare N.G.'s defense at trial.

2.   Whether N.G. had a right to broader discovery than what he was afforded at a mandatory transfer hearing.

## II.   DISCUSSION

The facts and procedural history of this case are well known to the parties and the court, and we see no reason to restate them here. Moreover, under the usual circumstances when we affirm by Memorandum Opinion and Judgment, we "briefly set[ ] forth the reasons supporting the court's decision . . .". United States Court of Appeals for the Third Circuit, Internal Operating Procedure (I.O.P.) § 5.4. We use a Memorandum Opinion in cases, such as this one, in which a published opinion is rendered unnecessary because the opinion has no institutional or precedential value. I.O.P. § 5.2.

### 1.   Due Process

■   First, we find that the Government did not violate N.G.'s Due Process rights. N.G. turned fourteen on February 12, 1994, and § 2508 was amended on May 2, 1994, lowering the mandatory transfer age to fourteen. Since the law was changed on May 2, 1994, and the victim was killed on February 1, *1995*, the change in law occurred before the crime was committed. Thus, the amended statute as applied to N.G. is not an ex post facto law. *Coady v. Vaughn*, 251 F.3d 480, 487–88 (3d Cir. 2001) (discussing when a law is ex post facto).

■   Second, we find that the trial court conducted a full investigation and put its findings on the record.[1] *See Kent v. United States*, 383 U.S. 541, 553–54, 560–61, 86 S.Ct. 1045, 16 L.Ed.2d 84 (requiring a full investigation that will form a firm basis for each of the court's findings). As the Appellate Division found:

> [T]he Family Division's extensive findings of fact are memorialized in a written transcript of proceedings, which satisfies both *Kent* and *Government of the Virgin Islands in the Interests of A.A.* by 'provid[ing] a clear and discernible written record of the judge's findings for review on appeal.' The Family Division's findings in this instance both inform the Appellate Division of the 'reasons motivating the waiver' and support the finding of probable cause.

Supplemental Joint Appendix at 182. A "full investigation" at this early stage does not equal a full blown trial. Since the Trial Court, on the record, determined the child's age and the existence of probable cause, this is enough to satisfy the "full

---

1.   Instead of reiterating the specific findings of the trial judge, we incorporate them as listed in the Supplemental Joint Appendix at 181. We also note that N.G. raises this point again in his claim that the trial court did not follow the directions of the Appellate Division to include written reasons in justification of its finding of probable cause. As stated above, this requirement was met.

investigation" requirement at this point. *Kent,* 383 U.S. at 361, 86 S.Ct. 803; *Government of Virgin Islands in Interests of A.A.,* 931 F.Supp. 1247, 1253 (D.V.I.App. Div.1996), *aff'd,* 106 F.3d 385 (3d Cir.1996) (table). Thus, the full investigation requirement was met, sufficient findings were placed on the record, and N.G.'s Due Process argument fails.

Third, N.G. claims that the Government failed to preserve and maintain evidence. As discussed below, since N.G. is not entitled to broader discovery and the trial has not yet taken place, this claim is premature.

2. Discovery

■ In order to allow a minor to defend himself at a transfer hearing, N.G. argues that he is entitled to broader discovery than what he was allowed. Specifically, N.G. contends that he is entitled to information dealing with the role of a second student in the killing and N.G.'s medical records while in the juvenile facility to facilitate defending himself at this critical stage.[2]

N.G.'s reliance on *Brady* as allowing him access to exculpatory evidence at this stage is misplaced. The proper analogy to this situation is the adult probable cause hearing. Discovery is not a proper function of a probable cause hearing. *See*

*United States v. Conway,* 415 F.2d 158, 161 (3d Cir.1969); *United States v. Kin-Hong,* 110 F.3d 103, 119 (1st Cir.1997) (probable cause hearing is not a mini-trial). In a probable cause hearing, the only burden on the Government is to provide enough information to establish that the charges are "not capricious and are sufficiently supported to justify bringing into play the further steps of the criminal process." *Jaben v. United States,* 381 U.S. 214, 225, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1965). This Court has stated that probable cause requires a finding only that there is a "reasonable, common-sense likelihood" that the accused committed the crime. *United States v. Deaner,* 1 F.3d 192, 196 (3d Cir.1993). The evidence that N.G. points to would simply have been another theory of how the crime was committed and not defeated the probable cause found by the court.

Moreover, *Brady* itself was never intended to apply to pre-trial proceedings. This Court has noted:

> *Brady* is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation. There can be no violation of *Brady* unless the Government's non-disclosure infringes upon the defendant's fair trial right. To constitute a *Brady* violation, the non-disclosure must do more than impede the defendant's abili-

---

**2.** The trial court did grant N.G.'s Motion to Compel Production of his records from the Youth Resources Center. App. at 160. N.G. contends that some of his medical records were never produced. This is not relevant at this stage because the transfer language of § 2508 is mandatory, stating the court "shall transfer." A full medical history would be important to the court if it had discretion to transfer the minor and was conducting investigation under a discretionary, "may transfer" statute. Here, the court was bound to transfer the minor upon a finding of probable cause. As noted in *Kent,* "All of the social records concerning the child are usually rele-

vant to waiver since the Juvenile Court must be deemed to consider the entire history of the child in determining waiver." *Kent,* 383 U.S. at 559, 86 S.Ct. 1045 (allowing for the judge's discretion, stating that he "may" waive jurisdiction after a "full investigation"). Here, since transfer is mandatory, the only discretion left to the judge is a determination of probable cause, not whether to transfer to the adult system. The medical records are cognizable to dispute the proper charge (*e.g.* first or second degree murder), not to dispute a discretionary transfer from the juvenile to the adult system.

ty to prepare for trial; it must adversely affect a court's ability to reach a just conclusion, to the prejudice of the defendant. No denial of due process occurs if *Brady* material is disclosed in time for its effective use at trial.

*United States v. Starusko,* 729 F.2d 256, 262 (3d Cir.1984) (citations omitted). The language and purpose of *Brady* indicate that it was not intended for pre-trial proceedings. Since the right to *Brady* material has not been lost (e.g. trial has not yet commenced), N.G. has not been prejudiced.

In addition, Rule 16 of the Federal Rules of Criminal Procedure allows the defense to discover certain evidence held by the prosecution in order to fully prepare for trial. Rule 16 itself does not state how early the Government must turn this evidence over; however, the earliest point at which the Federal Rules require it is at the arraignment. *See* Fed.R.Crim.P. 12(d). This occurs in both criminal prosecution and juvenile transfers after the preliminary finding of probable cause.

N.G. also argues that he has a right to "meaningful cross-examination" at the probable cause determination and that cross-examination cannot be "meaningful" without broader prior discovery. N.G. does have the right to cross-examine witnesses against him at a transfer hearing, but, cross-examination is limited to the subject matter of direct examination. *United States v. Hykel,* 463 F.2d 1192, 1194 (3d Cir.1972); Fed.R.Evid. 611(b). As found by the Appellate Division, N.G. had ample opportunity to conduct meaningful cross-examination. Joint Appendix at 178–180 (detailing N.G.'s cross-examination of the Government's agent).

Thus, as the lower court found, N.G. is not entitled to the discovery he seeks at this stage.

## III. CONCLUSION

In sum, N.G.'s Due Process rights were not violated, and he was not entitled to broader discovery. Accordingly, we will affirm.